OF

## THE STATE OF MISSOURI,

FEBRUARY TERM, 1873, AT ST. JOSEPH.

CONTINUED FROM VOL. LI.

———0———

FARMERS AND MERCHANTS INSURANCE COMPANY, *ex rel.*, and to the use of WILLIAM H. BENNESON, Receiver, &c., Plaintiff in Error, *vs.* ELIJAH S. NEEDLES, Defendant in Error.

1. *Practice, civil—Note—Suit on—Allegation that plaintiff is a corporation, when necessary.*—In a suit by a corporation on a promissory note given to it in its corporate capacity by defendant, it is not ground of demurrer that plaintiff failed to allege that it was, at the date of the note, a corporation, etc. Defendant having entered into the contract with the company in its corporate name, thereby admitted it to be duly constituted a body politic and corporate.

2. *Receiver—Cannot sue, when.*—A receiver cannot sue in a foreign jurisdiction for the property of the debtor.

*Error to Atchison Circuit Court.*

*A. H. Vories,* for Appellant.

Defendant could not deny the legal existence of plaintiff as a corporation. (O. & M. R. R. Co. vs. McPherson, 35 Mo., 13; Jones vs. Cincinnati Type F. Co., 14 Ind., 89; Hubbard vs. Chappell, 14 Ind., 601.)

17

2—VOL. LII.

*J. D. Campbell*, for Defendant in Error.

EWING, Judge, delivered the opinion of the court.

This is an action on a promissory note alleged to have been executed by defendant to plaintiff. An amended petition was filed which alleges substantially that the Insurance Company is a corporation duly incorporated under the laws of the State of Illinois, with power to sue and be sued, &c.; that W. H. Benneson was duly appointed receiver by the Circuit Court of Adams county in the State of Illinois, of all the rights, property and assets of the plaintiff in 1869, and gave bond which was duly approved, &c. That as such receiver he is in possession of the property and effects of said corporation. The petition then alleges the execution of the note by defendant to plaintiff, said corporation, and that said note is part of the assets and property which came to the hands of said receiver, and that the same is due and unpaid.

Defendant demurred to the petition assigning several grounds which may be resolved into the two following :

That it is not alleged in said petition that the Farmers & Merchants Insurance Company was a corporation and duly authorized to contract, sue and be sued, &c., on the 13th day of April, 1866, the day on which the note sued on was executed to the plaintiff by defendant.

That it is not alleged that plaintiff, the Insurance Company, made an assignment of all the rights, property and assets of the plaintiff to any person or persons prior to the alleged appointment of Benneson as receiver of said property.

The demurrer was sustained and final judgment rendered thereon.

1. The defendant having entered into the contract with the Insurance Company in its corporate name thereby admitted it to be duly constituted a body politic and corporate. (Ohio & M. R. R. Co. vs. McPherson, 35 Mo., 13, 26 ; The Dutchess Cotton Manufactory vs. Davis, 14 Johns, 238 ; Jones vs. Cincinnati Type F. Co., 14 Ind., 89 ; Hubbard vs. Chappell, *Id.*, 601.)The first point therefore is not well taken.

1. It is admitted by the demurrer that Benneson was duly appointed receiver, and as such is in possession of the property and effects of the corporation including the note in controversy. And as it does not appear by any averment in the petition, that the note has ever been assigned or transferred by the payee thereof, the corporation only can maintain an action thereon, unless the receiver as such has the right of action. A receiver cannot sue in a foreign jurisdiction for the property of the debtor. (Booth vs. Clark, 17 How., U. S., 322.)

Judgment reversed and cause remanded, the other Judges concur, except Judge Vories, who having been of counsel, did not sit.