------o------

THE NATIONAL INSURANCE COMPANY, Appellant, vs. ALSTON BOWMAN AND VINCENT BOWMAN, Respondents.

1. *Pleadings—Allegations as to corporate existence in suit by company on contract, etc.*—One having made a contract with a company, in its corporate name, thereby admits that it is duly constituted a body politic and corporate, at the time, and is estopped from setting up for defense by way of demurrer or otherwise, the non-allegation of these facts by the company in suit on the contract. And in such suit the company need not state where it has its residence or principal place of business.

2. *Promissory note given by partners—Allegation as to partnership, what suffi-cient.*—In suit on a promissory note given by co-partners, the allegation that the makers were co-partners and signed their names as such, is sufficient without the further allegation that they were co-partners for business purpo-ses or were known as such.

3. *Practice, civil—Demurrer by one defendant—Judgment for both, when improper.* —Where one of two defendants demurs to plaintiff's petition, and the demur-rer being sustained, plaintiff refuses to answer, it is error to give judgment against him in favor of both defendants.

### Appeal from Caldwell Circuit Court.

*Low & Dilley,* for Appellant.

*L. C. Page,* for Respondents.

WAGNER, Judge, delivered the opinion of the court.

The petition alleged that the plaintiff was a corporation duly organized under the laws of the State, and that at the time of the execution of the note defendants were co-partners, do-ing business under the firm name of A. & V. Bowman, and that defendants by their firm name made their promissory note, by which they promised, for value received, to pay plaintiff, etc.

To this petition, one of the defendants demurred and as-signed as reasons of objection: 1st. That the petition did not allege that the plaintiff was a corporation at the time the note was given.   2nd. The petition did not state where or in what State the corporation was instituted or organized.   3rd. It did not appear where the corporation had its residence or prin-cipal office; and 4th. That it was not alleged that defendants were co-partners for the purposes of doing business as such or that they were known as such.

This demurrer was sustained and plaintiff refusing to amend judgment was given in favor of both defendants.

The demurrer was frivolous and devoid of merit.   The de-fendants having entered into the contract with the company, in its corporate name, thereby admitted it to be duly consti-tuted a body politic and corporate at the time.   (Farmers, &c. Ins. Co. vs. Needles, 52 Mo., 17, and cases cited.)

They were estopped from averring anything against its existence, and it made no difference where its principal office was located. The petition alleged that the defendants were copartners, and that they signed the note in their firm name and that was sufficient.

Moreover, it was error to give judgment in favor of both defendants, when only one of them filed the demurrer.

The judgment must be reversed, and the cause remanded ; all the judges concur.