STOUTIMORE v. CLARK et al., Appellants.

1 **Corporation:** ESTOPPEL: PROMISSORY NOTE. The maker of a note payable to " the Missouri City Savings Bank," is estopped in an action on the note to deny that the bank is a corporation.

2, **Impeachment of Judgment.** One who buys land subject to the lien of a judgment, cannot impeach the judgment or avoid the lien on any ground which would not have availed the defendant to prevent the rendition of the judgment.

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

AFFIRMED.

To prove the corporate organization and existence of the Missouri City Savings Bank, a certificate was offered in evidence signed by Robert G. Gilmer, President, and Hugh J. Robertson, Secretary, dated April 24, 1869. To the admission of this certificate in evidence defendant Chrisman objected on the ground that it was not under the seal of the president and secretary as required by law (Acts 1865–6, p. 62, §4), and on the ground that it was not " acknowledged " by these officers, as required by the same act, but was merely stated to be " true and correct; " and on the further ground that it was not accompanied by the certificate of the Secretary of State, that the corporation had become duly organized, which certificate it is declared by the same act, (Ib. p. 21, § 2), " shall be taken by all courts of this State as evidence of the corporate existence " of the corporation. This objection was sustained by the circuit court, and the evidence was excluded. The other facts appear in the opinion.

*D. C. Allen* and *Saml. Hardwicke* for appellant, Chrisman.

1. The doctrine of estoppel does not apply. It takes two to make an estoppel. There must be a party estopped, and a party in whose favor the estoppel works. Herman on Estoppel 40, 41. It is plain from the evidence that the Missouri City Savings Bank never had a corporate existence, nor a lawful organization on which corporate existence could be based. The circuit court in excluding the certificate dated April 24th, 1869, so held. Hence there was no person in whose favor an estoppel could work. *Douthitt v. Stinson,* 63 Mo. 279. The judgment against Clark being a nullity (because not rendered in favor of any legal entity), no question of estoppel arises under it. Bigelow on Estop., 21, 283; *Wixom v. Stephens,* 17 Mich. 518.

2. Again the relation between Clark and Chrisman is that of debtor and creditor, which is one of antagonism and not of privity. Hence there is no estoppel. Bigelow on Estop., p. 280; *Waters' Appeal,* 35 Pa. St. 523; *Buffum v. Ramsdell,* 55 Me. 252.

3. If a company professing a corporate existence which it does not possess, acquires the property of another and conveys the same, or place themselves in a position affecting the rights of another, under the false claim of corporate existence, the corporate existence of such company may be inquired into. *Carey v. Cincinnati, etc., R. R. Co.,* 5 Iowa 357; *Phillips v. Wickham,* 1 Paige 595; *Briggs v. Penniman,* 8 Cowen 387; *Slee v. Bloom,* 19 Johns. 456; *King v. Pasmore,* 3 Term Rep. 190; *Rolle's Abr.,* 514.

*Simrall & Sandusky* for respondent.

1. By the execution of the note Clark admitted the corporate existence of the Missouri City Savings Bank, and he was estopped thereafter from denying its corporate existence. *Farm. and Merch. Ins. Co. v. Needles,* 52 Mo.

17; *National Ins. Co. v. Bowman*, 60 Mo. 252; *Jones v. Cincinnati T. F. Co.*, 14 Ind. 89, 601; *St. Louis v. Shields*, 62 Mo. 247; *Hall v. Harris*, 16 Ind. 180; *Depew v. Bank of Limestone*, 1 J. J. Marsh 378; *Congregational Society v. Perry*, 6 N. H. 164; *Bank v. Trimble*, 6 B. Mon. 599; *Franz v. Teutonia Building Association*, 24 Md. 259; *Steam Navigation Co. v. Weed*, 17 Barb. 378; *White v. Ross*, 15 Abb. Pr. 66; *Hyatt v. Esmond*, 37 Barb. 601, 595; *Palmer v. Lawrence*, 3 Sandf. 161. It was unnecessary to allege that plaintiff was a corporation; and therefore unnecessary to prove it. Clark was not only estopped by the execution of said note from denying the corporate existence of the bank, but he was also estopped by the judgment. If the defense, *nul tiel corporation*, was open to him at all, it should have been asserted before the rendition of said judgment.

2. Chrisman, his assignee and privy, was likewise estopped. Herman on Estoppel, §§ 45, 46, 48, 49, 63. When Chrisman took his deed of trust the judgment in favor of the bank was a lien on Clark's land, and if Clark could not impeach said judgment lien, his grantee, Chrisman, could occupy no better position. *Adams v. Barnes*, 17 Mass. 365; Freeman on Judgments, §§ 91, 165; Bigelow on Estoppel, p. 82; *Candee v. Lord*, 2 Comst. (N. Y.) 269; *Voorhees v. Seymour*, 26 Barb. 569, 575; *Sidensparker v. Sidensparker*, 52 Me. 481; *Chamberlain v. Carlisle*, 26 N. H. 540, 553; *Marriner v. Smith*, 27 Cal. 649; *French v. Shotwell*, 5 John. Ch. 566; *Drexel's Appeal*, 6 Barr 272; *Jacobs v. Burgwyn*, 63 N. C. 196; *Packard v. Smith*, 9 Wis. 184.

Whether the Missouri City Savings Bank was a corporation, or an association doing business under an artificial name, the court had jurisdiction of the parties and subject matter, and its judgment therefore cannot be void. It is regular upon its face, and cannot be impeached collaterally; if erroneous or voidable, it could only be attacked in a direct proceeding. *Hardin v. Lee*, 51 Mo. 241 : *Martin v. McLean*, 49 Mo. 361; *Childs v. Shannon*, 16 Mo. 332; Freeman on Judgments, §§ 131, 134, 334. The appellant

cannot question the corporate existence, collaterally, of the Missouri City Savings Bank. It was a corporation *de facto*, and its existence *de jure* could only be questioned by the State by *quo warranto* proceeding. *St. Louis v. Shields*, 62 Mo. 247; Cooley's Const. Lim. 254; High's Extraordinary Leg. Rem. § 697; especially after appellant's grantor had entered into contract with said corporation. *State v. Carr*, 5 N. H. 367; *President, etc. v. Thompson*, 20 Ills. 200; *Hamilton v. Carthage*, 24 Ills. 22.

NORTON, J.—Joseph Clark died in the county of Clay in 1857, leaving a will, which was duly admitted to probate, containing the following provisions, viz: "I give and bequeath the farm on which I now reside, containing two hundred and forty acres of land, to my beloved wife during her natural life, and after her death I give and bequeath the said farm to my youngest son (Joseph Y. Clark), to be his to have and dispose of as he may desire. But in consideration of the above bequest, I require the said Joseph Y. Clark to pay to my daughters, Eleanor J. and Sarah M. each the sum of Three Hundred Dollars, the money to be paid after he obtains the farm."

The testator's wife having died in August, 1859, Joseph Y. Clark, the devisee obtained possession of the said farm of 240 acres of land at that time. The said Joseph Y. Clark died in March, 1875, without having fully paid, as required by the will, the sum of $300 to each of testator's daughters, Eleanor J. and Sarah M. In the meantime the said Eleanor J. intermarried with Josiah Stoutimore, and the said Sarah M. intermarried with Thomas Hamilton. On the 20th of March, 1876, the said Eleanor J, and her husband, and the said Sarah M. and her husband, instituted separate suits in the Clay county circuit court, for the purpose of establishing the said respective sums of $300 with interest, less the amounts paid thereon, as a lien and charge upon the land devised, and praying for a sale of the same to satisfy the charge.

The land which was asked to be sold for the payment of the claims of said Eleanor J. and Sarah M., being situated in Clay county, and the Missouri City Savings Bank having on the 27th day of March, 1874, obtained in the Clay circuit court a judgment against said Joseph Y. Clark for the sum of $5,366 66-100, the said Missouri City Savings Bank was by order of the said circuit court made a party defendant in said suits with leave to plead. The said Joseph Y. Clark, on the 19th day of September, 1874, having borrowed of John Chrisman the sum of $1,200, for which he executed his note with A. J. Calhoun as security, and to further secure said note, also executed a deed of trust to 160 acres of the said 240 acres of land, in which said deed John A. Denny was the trustee, the court by its order made the said Chrisman and said trustee parties defendant to the said suits of Eleanor J. and Sarah M. and their husbands.

After said order was made the said Missouri City Savings Bank filed separate answers in said suits alleging that it was a banking corporation duly organized under the laws of Missouri and setting up said judgment for $5,366.66-100 as a lien on said land, and its allowance against the estate of said Joseph Y. Clark, who died in March, 1875. Defendant Chrisman also filed his separate answers in said suits in the nature of cross bills, denying that the bequests of $300 each to the said Eleanor J. and Sarah M. were charges or liens on the land devised in the will of the testator. Said answers also set up the statute of limitations, set up his note for $1,200 and the deed of trust given to secure it, prayed for a foreclosure of the same, and the sale of the 160 acres embraced in the deed, and that the proceeds thereof be first applied to the payment of the note secured by said deed. Defendant Chrisman also filed his cross answers to the separate answers of the said Missouri City Savings Bank alleging among other things that the note of Joseph Y. Clark to said Chrisman was the individual debt of said Clark and was not the debt

of the firm of Gilmer, Clark & Co.; that the firm of Gilmer, Clark & Co. was composed of John A. Gilmer, William J. Gilmer, Samuel P. Clark and Joseph Y. Clark; that the judgment set up by the Missouri City Savings Bank was the debt of the said firm of Gilmer, Clark & Co.; that said Joseph Y. Clark, by signing the note for $4,000 on which said judgment was obtained, became a member of said firm as from the beginning; that the Missouri City Savings Bank was not a corporation. The Missouri City Savings Bank filed its separate replications to the cross answers of said Chrisman, alleging therein that Joseph Y. Clark never was a member of the firm of Gilmer, Clark & Co., and that the said judgment against Clark was a lien on said Clark's real estate prior to that of said Chrisman under the deed of trust.

The separate suits of the said Eleanor J. and Sarah M. and their husbands, were consolidated by order of the court, and on the trial thereof the court rendered judgment, and, after decreeing that the bequests of $300 each to Eleanor J. and Sarah M. Clark, were liens and charges on said 240 acres of land, ordered the sale of the said land, and directed that the proceeds arising therefrom should be applied, first to the payment of costs of suit, second to the payment of said bequests, third to the payment of the judgment of the Missouri City Savings Bank, and fourth to the payment of the debt of Chrisman. Defendant Chrisman filed his motions for new trial and in arrest of judgment, which being overruled he brings the case before us on appeal.

Although exception was taken to the action of the court in decreeing the bequest of $300 to each of testator's daughters to be a charge on the land devised, the exception is expressly abandoned and the decree in that respect is conceded by appellant's counsel to be correct. The only grounds relied upon for a reversal of the decree are, first, that the court erred in giving priority to the judgment of of the Missouri City Savings Bank over the $1 200 note

of Chrisman, secured by the deed of trust, and directing its payment, first, before that of the claim of said Chrisman; second, that the evidence showed that Joseph Y. Clark was a member of the firm of Gilmer, Clark & Co. and that the judgment in favor of the bank being founded on a partnership debt, and the said land being the individual property of said Clark, the proceeds arising from the sale of it should be applied in payment of the individual debt to Chrisman in preference to the firm debt to the bank.

In support of these positions it is insisted by counsel that, inasmuch as, on the trial of the cause, the Missouri City Savings Bank failed to introduce evidence establishing the fact that it was a corporation, the said judgment rendered in its favor was a nullity and did not create a lien upon the real estate of Clark.

We think the view thus taken is unsound.  The note upon which said judgment was rendered is as follows:

"$4,000.                    MISSOURI CITY, July 1st, 1870.

Four months after date we promise to pay to the order of the Missouri City Savings Bank, Four Thousand Dollars, negotiable and payable at the office of Missouri City Savings Bank, Missouri City, Mo., without defalcation or discount, for value received, with interest at ten per cent per annum from maturity until paid.

GILMER, CLARK & Co

J. Y. CLARK.

R. G. GILMER, Security."

We think it clear that in the suit instituted by the bank on this note Clark would not have been allowed to deny the corporate existence of the bank for the reason that by executing the note he admitted the fact that it was a corporation, which estopped him from disputing it.   This principle was distinctly enunciated in the case of *National Insurance Co. v. Bowman*, 60 Mo. 252, following the case of *Farmers and Merchants Insurance Co. v. Needles*, 52 Mo. 17, and the case of *O. & M. R. R. Co. v. McPherson*, 35 Mo. 13.  In the case of *City of St. Louis v. Shields, et al.*, 62

Mo. 247, it was expressly held that the obligors on a bond given to a corporation by making and signing the instrument admit the corporate capacity of the obligee, and in a suit on such bond cannot plead *nul tiel corporation.* The cases cited indisputably establish that Clark, the obligor in the note upon which the judgment rests, could not have set up as a defense that the bank was not a corporation, and it therefore follows that the judgment, so far from being a nullity as counsel contend, was rightful and proper, and from the time of its rendition became a lien on the real estate of Clark in Clay county, and was conclusive and binding not only on him but upon all claiming through or under him.

A man will be bound by that which binds those under whom he claims, for he who derives the benefit of a thing ought to sustain the burthen. * * And no man, except in certain cases which are regulated by the statute law and law merchant, can transfer to another a better right than he himself possesses. The grantee shall not be in better condition than he who made the grant, and therefore privies in blood, law and estate shall be bound by and take advantage of estoppels. * * Hence all privies, whether in estate, in blood or in law, are estopped from litigating that which is conclusive upon him with whom they are privity. Herman on Estop., §§ 45 and 46. The grantee of land charged with a judgment lien at the date of the grant cannot have the judgment set aside for fraud, nor can he in any manner inquire into the consideration of the judgment for the purpose of impeaching or avoiding it. Having taken the land subject to a lien of which the grantor made no complaint, the grantee must abide by that lien, unless he can show that it was procured by fraud and designed and calculated to prejudice him as a subsequent purchaser. Freeman on Judgt., § 512. It thus appearing that Clark, against whom the judgment in favor of the bank was rendered, could not have prevented its rendition by disputing the corporate existence of the

bank it therefore necessarily follows from the principles above announced that Chrisman, the beneficiary in the deed of trust executed subsequently to the rendition of the judgment, and conveying to the trustee for him land upon which said judgment had become a lien, occupied no better position than Clark. The judgment being efficacious to create a lien on Clark's land, could not have been drawn in question by Clark on the ground that it was a nullity, because the bank was not a corporation; nor can it be assailed on the ground by Chrisman, who became a privy in estate by reason of the grant made by Clark to him in the deed of trust of part of the land upon which the judgment was attached as a lien.

It is also contended that the evidence showed that Clark was a member of the firm of Gilmer, Clark & Co., and that the judgment being founded on the firm debt, and the real estate in question not being partnership property, but the individual property of Clark, that the proceeds of its sale should be applied in payment of his individual debt to Chrisman in preference to the firm debt of the bank. The court below to which this question was submitted determined that said Clark was not a member of said firm, that he executed the note as security for the said firm. While the evidence is somewhat conflicting on this point, we think there is abundant evidence to sustain the finding, and as the witnesses were before the court, the circuit judge was in a better position than we are to form a correct conclusion as to the weight to be attached to what was sworn to by them respectively. For this and the further reason that there is not a clear preponderance of evidence against the finding we do not feel justified in disturbing the ruling in that respect. Judgment affirmed, in which the other judges concur.