HASENRITTER, *Appellant,* v. KIRCHHOFFER.

1. **Recitals.** Parties and privies are alike bound by the recitals in a deed.

2. ———: CORPORATION. A person claiming under a deed which recites a mortgage in favor of a party bearing a corporate name, cannot dispute the corporate existence of the mortgagee.

*Appeal from Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*L. Hoffman* for appellant.

*R. Hirzel* for respondent.

NORTON, J.—This suit was commenced in Gasconade county and is in form ejectment. The answer is a general denial, and on the trial judgment was rendered for defendant, from which plaintiff has appealed. It was admitted on the trial that one Dilthey was the common source of title, and in support of plaintiff's title he offered in evidence the following deeds:

1. A general warranty deed from said Dilthey and wife to one Tainter, dated August, 1865.

2. A mortgage deed with power of sale from said Tainter and wife to the Hermann Savings Bank, dated August 4th, 1873, reciting that it was given to secure the payment of a note therein described, given by said Tainter to said bank; and also reciting that said mortgage was " subject, however, to a prior mortgage executed by said parties of the first part, to the Hermann Savings Fund Association, to secure the sum of $1,600, dated March 27th, 1872."

3. A mortgage with power of sale from said Tainter and wife to said Hermann Savings Bank, dated October 23rd, 1875, reciting that the said Tainter had executed to said bank his two notes, dated October 22nd, 1875, for the sum of $485 each, " which said two notes and this mortgage were and are executed to said Hermann Savings Bank for the paying off and assuming the debt of said Dean W. Tainter and amount due the Hermann Savings Fund Association, which said debt is secured by first mortgage on the above described premises."

4. A mortgagee's deed from the president of said Hermann Savings Bank to Rudolph Hirzel, dated July 27th, 1876, and reciting a sale under the mortgage given by Tainter to said bank, dated August 4th, 1873, and conveying to said Hirzel the premises described in said mortgage.

5. A quit-claim deed from said Hirzel and wife to the Hermann Savings Bank, dated July 27th, 1876.

6. Plaintiff then offered to show that the said Hermann Savings Bank had leased the premises sued for to the defendant Kirchhoffer, and that he held the same as the tenant of said bank, which evidence was objected to by the defendant as incompetent and irrelevant, and the objection being sustained, the plaintiff excepted.

7. The plaintiff then offered a mortgage with power of sale executed by said Dean W. Tainter and wife to the Hermann Savings Fund Association, dated March 27th, 1872, conveying the lands in controversy, and reciting that

it was given to secure the payment of $1,600 due by said Tainter to said Association.

8. The plaintiff then offered a mortgagee's deed, dated August 17th, 1877, reciting a sale under said mortgage to the Hermann Savings Fund Association, and conveying said lands to the plaintiff. Proof of advertisement and notice of said sale as required by the mortgage, was attached thereto. All of said deeds and conveyances were duly recorded.

To all of the evidence offered by the plaintiff the defendant objected, for the reasons that the Hermann Savings Bank and the defendant Kirchhoffer were not in privity with the said Dean W. Tainter, relative to the land in controversy, so far as said association was concerned, and because the Hermann Savings Fund Association was not duly incorporated according to law; that plaintiff has not proved or offered to prove the incorporation of said Savings Fund Association, and that the other deeds did not operate as an estoppel as claimed by the plaintiff—which objections the court sustained, to which ruling of the court the plaintiff duly excepted.

We think it clear that the effect of the recital in the mortgage deed, dated August 4th, 1873, offered in evidence, 1. RECITALS. that said mortgage "was subject to a prior mortgage executed by the said party of the first part to the Hermann Savings Fund Association to secure the sum of $1,600, dated March 27th, 1872," and the recital contained in the mortgage dated October 23rd, 1875, that it was given to secure two notes for $485 each, executed by Tainter, the mortgageor, to the Hermann Savings Bank, "which said two notes and this mortgage were and are executed to said Hermann Savings Bank, for the paying off and assuming the debt of said Tainter, and the amount due the Hermann Fund Association, which said debt is secured by first mortgage on the above described premises," is to estop all those in privity with him from disputing the facts recited. When a person executing a deed recites particular facts,

16—79

these facts become conclusive evidence against him, and he is not at liberty to deny the truth of the statement. Herm. on Est., 212. Such estoppels are binding upon the parties and privies. Privies or those who derive title from or through a party ordinarily stand in the same position as the party, and are bound by every estoppel that would have been binding on the party, and all parties to a deed, as well as those privy in blood, estate or in law, are bound by the recitals it contains. Herm. on Est., §§ 216, 229; *Stoutimore v. Clark*, 70 Mo. 471. Whatever title the Hermann Savings Bank has in the premises in controversy, was acquired by reason of its being the grantee in the two mortgages offered in evidence, and being thus brought in privity with him, it is bound by the same estoppel which binds him. And for the purpose of showing that defendant was also in privity the evidence offered to prove that he held the premises as tenant or lessee of the Hermann Savings Bank, should have been received.

As to the disputability in this proceeding of the corporate existence of the Hermann Savings Fund Associa-2.——: corporation. tion, it may be said that the question has been settled adversely to the ruling of the trial court by the following authorities: *National Ins. Co. v. Bowman*, 60 Mo. 252; 52 Mo. 17; 74 Mo. 101; 70 Mo. 471; 71 Mo. 221; 72 Mo. 77; 50 Mo. 278; Herm. on Est., § 579.

For errors committed in sustaining the objection to the evidence offered by plaintiff the judgment will be reversed and the cause remanded. All concur.