D. A. GLENN, Respondent, v. W. C. BERGMANN ET AL., Appellants.

St. Louis Court of Appeals, January 19, 1886.

1. CONTRACTS—AGENCY—CORPORATE NAME.—Persons who enter into a contract in the name of a corporation which has no legal existence, become individually liable thereunder.

2. —————— ESTOPPEL.—One who contracts with others under a corporate name believing that he is contracting with a corporation, when none in fact exists, is not, in a suit against such persons, to enforce the contract, estopped to deny that they were a corporation.

APPEAL from the Cape Girardeau Circuit Court, ROBERT L. WILSON, Judge.

*Affirmed.*

R. H. WHITELAW, for the appellants: The parties who made contracts with, did work for, and received the warrants from the Cape Pottery Company, issued in its corporate name, are estopped from denying its corporate existence. Herm. Estop., sects. 571-573-575 ; Ang. & A. Corp., sects. 635-638 ; *Bailey v. Trustees,* 12 Mo. 175 ; *Ohio & Miss. Railroad Co. v. McPherson,* 35 Mo. 13 ; *Smith v. Heidecker,* 39 Mo. 157 ; *Kansas City Hotel Co. v. Harris,* 51 Mo. 464 ; *Farm. & Merch. Ins. Co. v. Needles,* 52 Mo. 17 ; *Nat. Ins. Co. v. Bowman,* 60 Mo. 252 ; *Board of Com'rs v. Shields,* 62 Mo. 247. If they are estopped their privies are also estopped. Herm. Estop., sects. 48, 49-216-332 ; *Chouteau v. Goddin,* 39 Mo. 229 ; *Thistle v. Buford,* 50 Mo. 278 ; *Stoutimore v. Clark,* 70 Mo. 471, and cases there cited.

DAVID L. HAWKINS and SAM M. GREEN, for the respondent: The defendants were personally liable, because there was no corporation which could be sued. *Hurt v. Salisbury,* 55 Mo. 310 ; *Richardson v. Pitts,* 71

Mo. 128; *Rowan v. Richmond*, No. 2801, Court App.; *Heath v. Goslin*, 80 Mo. 310.

ROMBAUER, J., delivered the opinion of the court.

The defendants were sued as co-partners, upon certain orders alleged to have been drawn by them on their treasurer, by their firm name of Cape Pottery Company, which orders were assigned to the plaintiff prior to the institution of the suit, and also upon an open account. There is no controversy about the fact that the orders were drawn for value, and assigned to the plaintiff, and that the account is justly due, and it stands admitted that the claims are wholly unpaid.

The cause was tried by the court sitting as a jury and the trial resulted in a judgment for the plaintiff. No objections were made to the admission of testimony and no instructions were asked or given. There was substantial evidence to warrant the verdict. The only question of law presented for our consideration arises on the following part of the defendant's answer which, on motion of the plaintiff, was stricken out by the court:

"And for another and further answer the defendants say, that the plaintiff should not be permitted to plead the plea by him pleaded, and assign as reasons therefor the following facts:

"That some time in August, 1880, these defendants, together with Samuel S. Harris, John Ivers, Charles Fuerth, William Regenhardt, Henry L. Hunze, William Woeleke, Mary L. Russell, Mrs. Julia E. Harris, and Alexander Ross, associated together for the purpose of organizing a corporation to manufacture, sell, etc., pottery, ware, clays, etc., in the city of Cape Girardeau, Missouri, under the name and style of the Cape Pottery Company, and in pursuance of such undertaking, entered into articles of association which they duly signed, acknowledged, and had recorded in the recorder's office of said county of Cape Girardeau on the ―― day of ―― 1880.

"That upon the filing and recording of said articles

of association as aforesaid, the said Cape Pottery Company commenced to manufacture and sell pottery ware, clays, etc., and to transact such other business as was contemplated by said articles of association. That from the date last aforesaid the said Cape Pottery Company by its agents, officers, and servants, believing that it was duly and legally incorporated, commenced to do business as a corporation; held itself out to the world as such, and was treated by every one with whom it had business, including the plaintiff, as a corporation, entered into contracts and assumed all the rights and liabilities of a duly and legally incorporated company. That in the course of its business as a corporation, it bought goods, wares, and merchandise; employed skilled and unskilled labor, and in that capacity dealt with all the persons mentioned in the petition, including John Lambert, William Marshal, William Raubick, Fritz Goetz, David Hardin, and David A. Glenn. That in all of said contracts it was treated and recognized as a corporation and dealt with all persons as such and not otherwise. That in its transactions, it dealt with the parties above named, and issued to them warrants upon its treasurer, signed by its president and secretary, for the several amounts found upon settlements to be due them, including the warrants filed with the plaintiff's petition, which warrants were accepted by the persons with whom it dealt, as warrants issued by a corporation, duly and legally incorporated. That all contracts made by it, including the contracts for which the warrants were issued, that are filed with the petition, were made by it as a corporation and so entered into by the other contracting parties. That the plaintiff, well and truly knowing all these facts, and having dealt with, treated, and recognized the said Cape Pottery Company as a corporation, purchased the claims and warrants filed with his petition, and now seeks to charge these defendants with the payment of the same."

The general rule, that one who contracts with a body under a designation which implies its corporate existence, recognizes it as invested with the attributes of a

corporation, and is estopped from afterwards questioning its corporate existence, can not be denied. But the rule, in this state at least, has been confined to cases where the corporation or those claiming under the corporation assert some rights under the contract. Illustrations of this rule are found in the cases of *Railroad Co. v. McPherson*, 35 Mo. 13 ; *Smith v. Heidecker*, 39 Mo. 157; *K. C. Hotel Co. v. Harris*, 51 Mo. 464; *F. & M. Ins. Co. v. Needles*, 52 Mo. 17 ; *Nat. Ins. Co. v. Bowman*, 60 Mo. 252, and *Stoutimore v. Clark*, 70 Mo. 471.

As thus confined the rule rests on substantial grounds and the case contains all the elements of an estoppel. But the propriety of applying the rule to a case where a party makes a contract with a body, believing it to be a corporation, when in fact such body is no corporation, thereby leaving him remediless to enforce his contract against any one, has been expressly denied. *Hurt v. Salisbury*, 55 Mo. 310, 313.

The facts in that case were almost identical with the facts in the present case. The parties had taken all initiatory steps for the purpose of becoming a corporation, but had failed to file their articles with the secretary of state. The note sued on purported to be a corporate note. Yet the court held that until the officers took the final and necessary step, by depositing and filing in the office of the secretary of state, a copy of the articles of association, as they stood recorded in the county, the corporation had no power to issue the note sued on, and as it had no power the defendant directors were liable.

The case must be determined by the simple proposition, whether at the date of the contract the defendants had power to bind any one but themselves. As it stands admitted by the residue of the defendants' answer that they had not, it follows that they are liable on the principle which makes a pretended agent liable, whose principal had no existence, as a legal entity. *Blakely v. Bennecke*, 59 Mo. 195 ; *Heath v. Goslin*, 80 Mo. 310.

We are aware that in some of the states the rule is otherwise, but as this case is not distinguishable either in its facts or principles from *Hurt v. Salisbury, supra,* that case is conclusive on us as to the law.

That part of the defence which claimed a novation of the contract, between the plaintiff and the corporation subsequently established, was submitted to the court, and determined against the defendants on substantial evidence. The weight of evidence is not for our consideration.

All the judges concurring, the judgment is affirmed.