*A. P. SHARPE, Administrator, *v.* J. B. CONNELY et al.

*Official Bond—Clerk—Parties—Sureties.*

1. When the proceeds of real estate, in proceedings to foreclose a mortgage given by a person since deceased, is paid into the Clerk's office by judicial order, and subsequently it is directed that the surplus of the fund, after payment of mortgage debt, be paid to the administrator of the mortgagor, as assets to pay debts, noncompliance with such judgment is a breach of the bond, and the administrator is the proper party to maintain an action therefor.

2. The sureties on the bond at the time such breach occurs, are not discharged by the Clerk subsequently renewing his bond with other sureties.

This was a CIVIL ACTION, tried before *Connor, J.*, at November Term, 1889, of Iredell Superior Court.

Proceedings had been formerly instituted to foreclose a mortgage executed by A. A. Sharpe, deceased, to which his heirs at law were parties. At August Term, 1885, the Court confirmed the sale, and, there being a surplus after payment of the mortgage debt, the Court directed its payment into the Clerk's office, and that the Clerk deposit it in bank and hold the certificate subject to the further order of the Court. At November Term, 1885, it was ordered that the Clerk pay

* Head-notes by CLARK, J.

over the fund to the plaintiff, as administrator of A. A. Sharpe, to be used as assets in payment of the debts of his intestate. The defendant Connelly was the Clerk of the Court, and the other defendants were sureties on his official bond from December, 1882, to December, 1886. It is found by the jury that the amount directed to be paid into the Clerk's office by judgment of August, 1885, was paid into the office, but that the Clerk did not deposit in the bank, as directed, and that it has not been paid to the plaintiff, as ordered by the Court in November, 1885. This action is for breach of the bond in that respect. The only exception is to the refusal of the Judge to give the following instructions asked by defendant:

1. That when the money was first received by J. B. Connelly, it was the property of the heirs at law of A. A. Sharpe.

2. That to entitle the plaintiff to recover, he must show a conversion of the money after November Term, 1885, of Iredell Superior Court, and before the first Monday in December, 1886.

3. That there is no presumption as to the time of the conversion until after a demand, and there being no demand made in this case of J. B. Connelly, the plaintiff must show a conversion before the 1st of December, 1886, to entitle him to recover.

Verdict for plaintiff. Appeal by defendant.

*Mr. W. M. Robbins*, for plaintiff.
*Messrs. L. C. Caldwell* and *M. L. McCorkle*, for defendants.

CLARK, J.: By the decree of August Term, 1885, the fund was paid into the Clerk's office by judicial order, to abide further directions of the Court. This made the Clerk, on his official bond, responsible for its safe-keeping. *Thomas v. Connelly*, 104 N. C., 342. By the decree of November Term, 1885, to which the heirs at law were parties, it was

adjudged that the Clerk pay over the fund to plaintiff, as administrator, as assets for payment of debts of his intestate. This judgment has not been complied with. The failure to do so is a breach of the bond, for which the other defendants, who were sureties on the official bond, are liable. They were sureties when the money was paid in and when the order to pay out was made, and the condition of their bond has not been performed. It clearly can make no difference that the heirs had an interest in the fund when paid in, for the fund was paid to the Clerk, by order of the Court, to abide future directions. The obligation of the Clerk, upon his bond, was for its safe-keeping and the payment as directed by the Court. No one except the plaintiff has a right to recover the fund, or sue for the breach of the bond in failing to pay it as directed. The heirs at law of Sharpe are bound by the judgment of the Court of November, 1885, condemning the fund to use of plaintiff as assets for payment of debts of his intestate. Nor does it make any difference whether the fund was converted before December 1st, 1886 (when Connelly gave a new bond, on which the other defendants are not sureties), for there was a breach of the bond from November Term, 1885, by failure to execute the judgment, and that liability was not discharged by the Clerk giving a new bond in December, 1886. There was, therefore, no error in the refusal to give the instructions asked. .

Affirmed.