<hr/>

THE JOSEPH HOLMES FUEL & FEED COMPANY ET AL. v. THE COMMERCIAL NATIONAL BANK OF DENVER.

1. CORPORATE EXISTENCE—PLEADING.
It seems that if a plaintiff sues by a name which imports a corporation, it need not specially aver its corporate existence.

2. SAME.
An allegation in the complaint that the plaintiff is a national bank and doing business under the acts of congress is, in effect, an averment that it is a corporation.

3. SAME.
An admission in the answer that the defendant executed the note sued on to the plaintiff bank in its corporate name is an admission of its corporate existence and power to enter into the contract.

4. SAME—ESTOPPEL.
It seems that one who has dealt with a corporation in its corporate capacity is estopped to deny its legal existence.

5. SAME—EVIDENCE.
The execution of a promissory note to a corporation in its corporate name is, *prima facie*, sufficient evidence of its existence.

*Appeal from the District Court of Arapahoe County.*

THIS is an action brought by The Commercial National Bank of Denver against The Joseph Holmes Fuel & Feed Company, E. R. Barton and James Matthews, upon two

promissory notes.   The complaint avers, *inter alia*, that " the plaintiff is a national bank doing business under the act of congress, and that defendant, The Joseph Holmes Fuel & Feed Company, is a corporation existing and doing business as a Colorado corporation ; " sets out the two notes *in hæc verba*, their execution in the name of the defendant company and their endorsement by E. R. Barton and James Matthews. To this complaint the defendants filed a joint and several answer, in which they admit the execution of the notes, and deny each and every other allegation of the complaint; and for a further defense aver that the plaintiff bank extended the time of the payment of each of the notes for the period of six months from and after the time of their maturity, and that such period had not elapsed at the commencement of the suit.   The plaintiff, by its replication, traversed the second defense.   The cause was tried to a jury, and upon the trial it was stipulated and agreed that the notes in controversy were executed by the defendant company, and that the names of James Matthews and E. R. Barton were written upon the back of the notes at the time they were delivered and accepted by the plaintiff; and thereupon the plaintiff rested.

E. R. Barton, on behalf of defendants, testified that as president of the defendant company, he had a conversation with Mr. Dow, the president of the bank, a short time before the notes became due, and after the bank had closed its doors, relative to a renewal thereof; and that Mr. Dow stated, in substance, that as soon as they opened the bank they would arrange for a renewal, upon the payment of the interest due.   It further appears that the bank did not again open.

By direction of the court, the jury found a verdict in favor of the plaintiff for the sum of $3,150.38, the amount of the principal and interest due upon the notes.   Judgment was entered upon the verdict for that amount.   The defendants bring the case here on appeal.

Messrs. SULLIVAN & MAY and Mr. JOHN T. BOTTOM, for appellants.

Messrs. DOWD & FOWLER, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The ground principally relied on for reversal is the want of allegation and proof of the corporate existence of the plaintiff bank.   We think this claim is without merit.   The action is brought in the name of The Commercial National Bank of Denver, and the complaint avers that the plaintiff is a national bank, doing business under the act of congress.   The national bank act (sec. 5136 of the Rev. Stats. U. S.) provides that a company organized pursuant to its terms shall be a body corporate.   It is held in many of the cases that if a corporation sues by a name which imports a corporation, it is not necessary to specially aver corporate existence.   *Seymour v. The Thomas Harrow Co.,* 81 Ala. 250 ; *Miss., etc., R. R. Co. v. Gaster,* 20 Ark. 455 ; *Wilson v. Sprague Mowing Machine Co.,* 55 Ga. 672 ; *Sayers v. First Nat. Bank of Crawfordsville,* 89 Ind. 230 ; *Smythe v. Scott,* 124 Ind. 183 ; *Com. Nat. Bank of N. O. v. Newport Mfg. Co.,* 1 B. Mon. (Ky.) 13 ; *Exchange Nat. Bank v. Capps,* 32 Neb. 242 ; *Phœnix Bank v. Donnell,* 40 N. Y. 410 ; *Stanly v. Richmond, etc., R. R. Co.,* 89 N. C. 331 ; *Lewis v. Bank of Ky.,* 12 Ohio, 132 ; *Central Bank of Wis. v. Knowlton,* 12 Wis. 624.

The allegation in the complaint that the plaintiff is a national bank, and doing business under the act of congress, imports a corporation, and in effect avers that it is a corporation.

Furthermore, the admission of the execution of the notes by defendant company to plaintiff bank in its corporate name was an admission of its corporate existence and power to enter into the contract.   *Farmers & Merchants Ins. Co. v. Needles,* 52 Mo. 17 ; *The Nat. Ins. Co. v. Bowman,* 60 Mo. 252.   And many of the cases hold that, having dealt with

plaintiff in its corporate capacity, they are estopped from denying its legal existence. *Jones v. Bank of Tenn.*, 8 B. Mon. 122; *Bank of Galliopolis v. Trimble*, 6 B. Mon. 599; *Depew v. Bank of Limestone*, 1 J. J. Marsh, 378; *Mackenzie v. Bd. of School Trustees of Edinburg*, 72 Ind. 189; *Cong. Society v. Perry*, 6 N. H. 164.

We believe it is universally held that the execution of a note to a corporation, by its corporate name, is sufficient *prima facie* evidence of the existence of the corporation. The admission of the execution of the notes sued on, and their introduction in evidence, therefore established, *prima facie*, the existence of the plaintiff corporation; and the defendants introducing no evidence rebutting such proof, and the testimony of the witness Barton entirely failing to show a valid agreement on the part of the president of the bank to extend the time of payment, the court properly directed a verdict for the plaintiff, and the judgment is accordingly affirmed.

*Affirmed.*