STATE OF MISSOURI, ex rel, C. E. COURTNEY, Appellant, v. T. H. CALLAWAY et al., Respondents.

Kansas City Court of Appeals. January 9, 1922.

1. **CLERK OF COURTS: Officers: Official Bond: Bond Conditioned to Faithfully Perform Duties of Office Required Clerk of Court to Pay Over all Money Coming to his Hand by Virtue of his Office.** Under section 2122, Revised Statutes 1919, defining the duties of the clerk of the circuit court, and section 2112, Revised Statutes

1919, specifying terms of bond, circuit clerk was required to give a bond conditioned that "he shall faithfully perform the duties of said office according to law," and when he executed the bond he not only bound himself to faithfully perform the duties of said office but assumed, among other obligations, one requiring him to pay over all money coming to his hand by virtue of his said office.

2. JUDGMENT: Fraud: Collusion: Judgment Cannot be Attacked Collaterally by Stranger who Acquired no Interest in Subject-matter of Action Prior to Judgment on Ground it was Procured by Collusion and Fraud. A judgment obtained by fraud may be impeached, in a collateral proceeding, on the ground of fraud in its procurement, by a stranger to the judgment, who has been prejudiced by it in respect to some pre-existing right, but the defendants herein not having acquired any interest in the judgment, being strangers to it, cannot collaterally attack the judgment on the ground that it was procured by collusion and fraud on the court.

3. CLERKS OF COURTS: Officers: Official Bonds: Where Clerk of Court Received Fund, Under Order of Court He Was the Custodian Thereof by Virtue of his Office, and his Failure to Account Therefor Rendered Sureties Liable on his Official Bond. In an interpleader suit where a fund, which had been held in escrow by a bank to be paid to the seller of land as liquidated damages in case purchaser failed to complete deal, was under an order of court paid to the clerk thereof to be held by him under the pursuant to the order of the court, the fund being upon its receipt, by the clerk deposited in a bank of high standing, though it failed shortly after the deposit was made, and where thereafter the court directed that plaintiff purchaser recover from clerk the sum so deposited with him, it is *held*, that the clerk received the fund as custodian by virtue of his office, and on his failure to account therefor, a recovery may be had on his official bond.

4. ———: ———: ———: Failure of Bond to Expressly Specify that Fund Deposited with Clerk under Order of Court Shall be Paid to Parties Entitled Thereto, Does not Constitute Such a Variance as to Destroy Instrument as Statutory Bond. Where a bond is conditioned that clerk "shall faithfully perform duties of his office according to law," the fact that the condition in the bond did not, in words, specify the payment to the parties entitled thereto, of money which came into the hands of the clerk by order of court, does not constitute such a variance as to destroy the instrument as a statutory bond.

Appeal from the Circuit Court of Cass County.—*Hon. C. A. Calvird,* Judge.

REVERSED AND REMANDED (*with directions.*)

D. C. Chastain and Gardner Smith for appellant.

Peyton A. Parks, J. S. Brierly and A. A. Whitsitt for respondents.

ARNOLD, J.—This is an action upon the official bond of the circuit clerk of Cass County, Missouri. Plaintiff Courtney, a citizen of the State of Kansas, entered into a contract for the sale of his Kansas farm to Claude Clark and Charley Houston, residents of Holt County, Missouri.

Under the terms of said contract Clark and Houston deposited in the Bank of Drexel in Drexel, Cass County, Mo., the sum of $1,000 as down payment on the purchase price of said land, to be held by said bank in escrow awaiting the deed to the lands by Courtney, a satisfactory abstract of title, etc. The said $1,000 then was to be applied to the purchase price of said land and in case of failure of the purchasers to complete the deal the amount was to be paid to Courtney as liquidated damages.

Clark and Huston did not carry out their part of the contract and Courtney demanded of the depository bank the payment to him of the $1,000 aforesaid. The bank refused to pay said funds over to Courtney but recommended that a suit be brought and suggested that Courtney see one Charles W. Hight, a reputable attorney of Harrisonville, Mo. Acting upon this suggestion plaintiff employed Hight and through him filed a bill of interpleader in the circuit court of Cass county.

It is charged by defendant, and the testimony tends to show, that this bill of interpleader was filed as a result of a joint arrangement and understanding between the depository bank and plaintiff Courtney, through their common attorney, Hight.

Plaintiff who, at the time the interpleader suit was filed was a resident of the State of Kansas, entered appearance through his attorney who filed the bill of inter-

208 M. A.—29

pleader for the depository bank, while the purchasers of the land, Clark & Houston, were served with process in Holt County, and did not appear in said suit. The record entry offered in evidence shows that the said sum of $1,000 was, by order of the court, paid into the hands of the defendant Callaway, as clerk of the circuit court of Cass county.

Defendant Callaway deposited said fund in the Bank of Harrisonville, Missouri, to his credit as clerk of the circuit court, together with other funds that came into his hands by virtue of his office. The Bank of Harrisonville, at the time of said deposit, was a bank of high standing, though it failed shortly after said deposit was made. Callaway, defendant herein, was not a party to the suit of interpleader.

In the interpleader suit the court made a minute entry on the docket that Courtney was entitled to have the money turned over to him. Courtney then demanded of defendant Callaway the funds in controversy but payment thereof was refused and Courtney filed this suit to recover of and from the said Callaway the amount of said fund, less the costs paid and accrued, or the total sum of $943.90. This suit is directed against defendant Callaway's official bond,—T. H. Callaway, principal W. A. Welborn, J. F. Callaway, T. F. Callaway, D. B. Barnett and A. L. Burney, as securities, all of whom were made parties defendant. The petition states that the bond was executed December 21, 1918, in the sum of $10,000, conditioned as follows:

"The condition of the above bond is such, however, that whereas the said T. H. Callaway was, on the 5th day of November, 1918, duly elected to the office of circuit clerk of said county, and has been duly commissioned; now therefore if the said T. H. Callaway shall faithfully perform the duties of said office, according to law, then this obligation is void, otherwise to remain in full force and effect."

The said bond was duly approved and filed. A. L. Burney, one of the sureties on said bond, is dead and his estate is insolvent.

The petition charges that the principal on said bond is guilty of a breach thereof by reason of the facts hereinabove recited relative to his refusal to respond to the finding of the court in the interplea suit above referred to, on demand of plaintiff Courtney to pay to him the sum of money therein involved.

The amended answer admits that at all the times mentioned in said petition he was, and still is, clerk of the circuit court of Cass county, Missouri, and that, together with his co-defendants, he executed the bond pleaded in the petition. Then follows a general denial. By way of affirmative defense the answer pleads that there was no service on defendants Courtney, Clark and Houston in the bill of interpleader, which said cause was the basis of the court's judgment and order which forms the basis of the present suit, and that said Courtney did not appear as a party in said action. That the payment of $1,000 to defendant was voluntary, and that defendant thereby became bailee of said fund on January 14, 1920. That the deposit by him in his own name, as clerk of the said funds in the Bank of Harrisonville was in good faith and with due care and without negligence or fault on his part. That the costs mentioned in plaintiff's petition were paid by said defendant clerk upon the direction and on behalf of the Bank of Drexel, depository of said fund in the suit upon the bill of interpleader aforesaid.

As further defense the answer pleads the failure of the Bank of Harrisonville, that the assets thereof are in process of liquidation and the amount that can be realized from the deposits therein is uncertain and not known, and that the defendant offered, and still offers, to deliver to the person entitled thereto an assignment of demand against said Bank of Harrisonville by reason of said deposit. And, as further affirmative defense, the answer states that, as said fund did not come into the hands or possession of defendant as clerk of the circuit court of Cass county, Missouri, by reason of any execution or any fund coming into his hands as such clerk, or by reason of any lawful order of court having jurisdiction to make the same.

The reply was a general denial of all new matter contained in the answers of defendants.

The cause was tried to the court, a jury having been waived, and on June 16, 1921, the court entered a judgment in favor of defendants. Plaintiff appeals.

Plaintiff's first point is that the fund in question was received by the circuit clerk by virtue of his office. This point goes directly to the heart of the issue herein and upon its proper solution depends the determination of this appeal.

However, it may clarify the situation somewhat to consider the meaning of the clause in the bond of the defendant clerk that "he shall faithfully perform the duties of said office according to law." Section 2122, Revised Statutes 1919 (2685, R. S. 1909), defines the duties of clerk of the circuit court as follows:

"Every clerk shall record the judgments, rules, orders and other proceedings of the court, and make a complete alphabetical index thereto; issue and attest all process when required by law and affix the seal of his office thereto, or if none be provided, then his private seal; keep a perfect account of all moneys coming into his hands on account of costs or otherwise, and punctually pay over the same. . . ."

Section 2112, Revised Statutes 1919 (2675, R. S. 1909), provides: "The bond shall be conditioned that he will faithfully perform the duties of his office, and pay over all moneys which may come to his hand by virtue of his office," etc.

When, therefore, the defendant clerk bound himself faithfully to perform the duties of said office according to law, he assumed, among other obligations, one requiring him to pay over all money coming to his hand by virtue of his said office. [State ex rel. v. Moore, 74 Mo. 413.] In determining whether the money in question came into defendant's hands by virtue of his office, it is proper to consider, first, whether the judgment of the court in the interpleader case may be collaterally at-

tacked, a right which is denied by plaintiff herein and affirmed by defendants.

In Abington v. Townsend, 271 Mo. 602, —S. W. —, the question of right of collateral attack on a fraudulent judgment is fully discussed and the court said, l. c. 615:

"The rule is that a judgment obtained by fraud may be impeached by the parties to it or those in privity with them in a direct proceeding for that purpose, . . . But parties to an action and parties in privity with them cannot collaterally impeach a judgment on the ground of fraud. . . . It has been held that a judgment may be impeached in a collateral attack on the ground of fraud in its procurement by a stranger to it. However, that is an exception to the general rule that a judgment regular on its face cannot be attacked collaterally, and applies to cases where the stranger attacking the judgment is prejudiced by it in respect to some preexisting right. The doctrine usually is applied where there is a case of collusive judgment in fraud of creditors. A stranger, whose right accrues to him after the rendition of the judgment obtained by fraud, cannot attack it on that ground in a collateral proceeding. [Stoutimore v. Clark, 70 Mo. 471, l. c. 478; Hogg v. Link, 90 Ind. 346; John v. Pattee, 55 Iowa, 665; 2 Freeman on Judgments, sec. 335; Githens v. Barnhill, 184 S. W. (Springfield Court of Appeals) 145.]"

The court further says, l. c. 617: "The exception to the general rule regarding a collateral attack upon a judgment can avail only one whose rights have been affected by it, and not one who acquires an interest in the subject-matter of the judgment after its fraudulent procurement. The plaintiff had no right which was affected by the judgment, having acquired his claim long afterwards. He is in the same position as the parties to it themselves in his inability to attack it collaterally."

In the case at bar defendants urge, as a matter of affirmative defense, that the judgment in the interplea case was secured by collusion and fraud on the court by Courtney and the Bank of Drexel.

Under the law as repeatedly declared by the Supreme Court of this State, it is not material in this case whether or not the prior judgment was procured by collusion and fraud on the court, because it cannot be collaterally attacked by defendants herein. Not having acquired any interest in the subject-matter of the action prior to the judgment, they are strangers to it. Defendants had no interest whatever in the $1,000 deposited in the Drexel Bank, not being parties to the sale or purchase of the lands of Courtney and, therefore, were not in the position of a stranger who could make an attack on the judgment on any account. [State ex rel. v. Merchants, etc., Bank, 279 Mo. 228.] The position of defendants is an attempt to invalidate the judgment of the circuit court by disputing facts which the court must have found in order to render the judgment.

On the theory advanced by defendants it is conceivable that a judgment would never settle a question of fact. We hold against defendants on this point.

The remaining question for our solution is whether the funds in question were received by defendant Callaway in his official capacity as clerk of the circuit court of Cass county, or whether he merely became bailee of the fund. If the former, he may be held liable as an insurer of the fund, but if the latter, he may be held only in case he was negligent in the handling of the same.

It is admitted that the fund in question passed into the hand of defendant clerk by order of the court. It was received by him by virtue of said order and deposited in the bank (since defunct), to his credit as clerk of said court, together with other funds that came into his hands as such clerk.

Having decided that the judgment of the court in the bill of interpleader case cannot be collaterally attacked and that it must stand as to strangers to the action, we hold that the funds came into the hands of defendant clerk in his official capacity. That said defendant was authorized by order of the court to receive the

fund paid into court in the pending cause we think is clearly established by the provisions of Section 2112, supra.. The order of the court was to the effect that the fund be paid into the hands of the clerk to be held "under and pursuant to the order of this court." The further order of the court directed that "C. E. Courtney have and recover from said clerk of this court the sum of $949.40, so deposited in this cause with said clerk aforesaid."

The said order was equivalent to one expressly stating that the money was paid by direction of the court to Callaway, the clerk. In 11 Corpus Juris, 899, it is said:

"In many states, when money is paid into the court by order of the court, the clerk is its proper custodian, and receives it by virtue of his office, and on his failure to account therefor, a recovery may be had on his official bond. [U. S. v. Howard, 93 Fed. 719; State v. Watson, 38 Ark. 96; Walters-Cates v. Wilkinson, 92 Ia. 129, 60 N. W. 514; Bantley v. Baker, 61 Nebr. 92, 84 N. W. 603; Dirks v. Juel, 59 Nebr. 353, 80 N. W. 1045; Sharpe v. Connelly, 105 N. C. 87, 11 S. E. 177; Thomas v. Connelly, 104 N. C. 342, 10 S. E. 520; State v. Hobson, 5 Oh. S. & C. P. 442, 5 Oh. N. P. 321; Craig v. Governor, 3 Coldw. 244; Waters v. Carroll, 9 Yerg, 101.] And this is true, although such order is based on the practice of the court, and not on direct statutory authority. [In re Finks, 41 Fed. 383.]"

In the case at bar we can readily conceive that had the court's order named the bank in which the fund should be deposited and the depository later had failed, the clerk would have been exonerated. But the court made no such order.

It is urged that the bond is conditioned upon the clause that the clerk "shall faithfully perform the duties of his said office according to law," that the condition is not broad enough to cover the receipt of money by order of the court.

The fact that the condition in the bond did not, in words, specify the payment to the parties entitled there-

to, of money which came into the hands of the clerk by order of the court, does not constitute such a variance as to destroy the instrument as a statutory bond.

This question was exhaustively discussed in Howard v. United States, 184 U. S. 676, opinion by Mr. Justice HARLAN. We accept this as a leading case on the question and adopt the rules therein declared as the law governing this case. With this view we hold the trial court erred in refusing to give plaintiff's first declaration of law, as follows: "The court declares the law to be that under the pleadings and the evidence the finding and judgment of the court must be for the plaintiff."

The judgment is reversed. All concur.