### THOMAS COFFIN *vs.* PETER RAY.

An attachment of real estate is valid, as against all persons except subsequent pur-
chasers and attaching creditors, although no notice thereof be deposited in the office
of the clerk of the court.

Though a second grantee have notice of a prior unregistered deed of the land con-
veyed to him, yet his creditors are not affected by his knowledge thereof ; and if they
without knowledge of such deed attach the land, and levy thereon, they will hold it
against the first grantee ; although they may have such knowledge before levy of ex-
ecution.

WRIT of entry. From the report of the chief justice, be-
fore whom the case was tried, at Nantucket, it appears that the
demandant claimed title to the demanded premises in his own
right, in virtue of an execution in his favor, levied thereon as
the estate of Isaiah C. Ray, and that both parties claimed title
under Isaiah Ray, father of said Isaiah C. Ray, and brother of
Peter Ray, the tenant. The demandant gave in evidence a
deed from Isaiah Ray, the father, to Isaiah C. Ray the son,
dated September 3d, 1836, and recorded September 21st.
The tenant gave in evidence a deed from Isaiah Ray to himself
and his wife, of the same premises, to hold for their lives and
the life of the survivor, dated May 23d, 1825. This deed was
not recorded until June, 1837. The demandant made his at-
tachment on the premises as the property of Isaiah C. Ray, the
son, on the 28th of December, 1836 ; but no notice of the
attachment was deposited in the clerk's office, according to Rev.
Sts. *c.* 90, § 28. The action was entered at the court of
common pleas at Nantucket, June term, 1837. Execution
issued June 8th, and the premises were seized on. the 9th of
June. There was strong evidence, perhaps conclusive, to show
that Isaiah C. Ray had actual notice of the prior unregistered
deed to his uncle Peter Ray and wife, when he took the deed
of his father.

It was contended by the tenant, that with such actual notice,
he took no valid title, as against the persons claiming under such
prior unregistered deed, and that the demandant could obtain no
valid title, by attachment, larger or better than the debtor had.

But it was ruled, that unless the attaching creditor himself had such actual notice, he was not bound by such notice to his debtor. The tenant then contended, that inasmuch as the plaintiff had not caused notice of his attachment to be given at the clerk's office, conformably to the statute, his attachment did not operate as a lien on the premises, as against the defendant's prior unregistered deed, until the seizure of the land on execution, and that if the demandant, as such attaching creditor, had actual notice of the tenant's prior deed, before taking the estate on his execution, such notice of the prior unregistered deed would be good as against the demandant ; and the tenant offered evidence to prove that the demandant had such notice before the levy of his execution.

But it was ruled, by a comparison of Rev. Sts. *c.* 90, § 23, with §§ 28 – 30, that an attachment on mesne process, without notice at the clerk's office, would create a valid lien, except as against a subsequent attaching creditor, or against a person who should afterwards purchase the estate, for a valuable consideration, and in good faith ; that the tenant was not within the ex ception, and that it would not constitute a good defence to prove, that after the demandant's attachment on mesne process, and before the levy of his execution, he had notice of the tenant's prior unregistered deed. The question whether the demandant had. notice of such deed, at the time of the attachment on mesne process, was left to the jury, with directions, if he had, to find a verdict for the tenant, otherwise for the demandant.

The jury found a verdict for the demandant. If the above directions were wrong in point of law, the verdict to be set aside, and a new trial granted.

*Clifford*, for the demandant.

*Coffin*, for the tenant.

SHAW, C. J. The only question left to the jury was, whether Coffin, the demandant, had notice of the prior unregistered deed of Isaiah Ray to the tenant and his wife, at the time of his attachment on mesne process, in December, 1836 ; and the jury found that he had not. The facts then to be considered are,

that Isaiah Ray, from whom both parties claim, being seized in fee, conveyed to his brother and wife, for their lives, which deed was not recorded till after the demandant's attachment. Isaiah Ray, the father, then conveyed to Isaiah C. Ray, the son, in fee, making no reservation, and not mentioning the former deed; but Isaiah C. Ray knew of the prior unregistered deed. The demandant, a creditor, attached the estate thus appearing by the record to belong to his debtor in fee, without notice of the prior unregistered deed ; but no notice of his attachment was given at the clerk's office, pursuant to Rev. Sts. c. 90, § 28. He afterwards levied his execution on the same land, having notice, at the time of his levy, of such prior deed. The question was, whether he could hold the land.

In the first place, we may lay out of the case the last mentioned circumstance, to wit, that notice of the attachment was not given at the clerk's office, pursuant to the statute. The sole object of this provision is to give notice to after purchasers and attaching creditors. The provision is, that no attachment on mesne process shall be valid against any subsequent attaching creditor, or against any person who shall afterwards purchase the same for a valuable consideration, and in good faith, unless, &c. The validity of the attachment is not affected by this provision, except as against after purchasers and attaching creditors. As the tenant claims under a previous deed, he is not within the exception ; and the validity of the demandant's attachment is not affected by this provision.

The general question then recurs, whether the knowledge of Isaiah C. Ray could affect the rights of his creditor, who attached without notice of the first conveyance ; and the court are of opinion, that it could not. The attachment of real estate is considered as in the nature of a purchase, and the attaching creditor affected with notice of a prior conveyance, in the same manner as a purchaser. *Priest* v. *Rice*, 1 Pick. 164. But the exception in the statute, in regard to unrecorded conveyances, Rev. Sts. c. 59, § 28, of persons having actual notice thereof, is strictly personal ; and although a second grantee could take such estate, as against the prior grantee, because he had actual

notice of the prior deed, yet if through him a title passes to a third person, who has no such notice, the latter will not be affected by it. *Somes* v. *Brewer,* 2 Pick. 184. Had the plaintiff taken by deed of Isaiah C. Ray, without notice of the prior conveyance to Peter, it seems very clear, upon these principles, that he would hold the estate.

The attachment of real estate being deemed to stand in the nature of a purchase, and the attaching creditor being affected by actual notice, as a purchaser, the question is, at what time the purchase shall be deemed to be made. We think this is answered by the Rev. Sts. *c.* 90, § 23, which provide, that "all real estates that are liable to be taken in execution, may be attached upon the original writ, and held as security to satisfy such judgment as the plaintiff may recover." If then judgment is recovered and execution levied, the whole title acquired by the attachment and levy must be considered as taking effect at the time of the attachment. The subsequent proceedings relate back to that time. The attachment creates a lien or charge upon the land, which constitutes a complete title, if perfected by a subsequent judgment recovered in the same suit, and a seasonable levy of the execution issued on it. The court are therefore of opinion, that the point of time, before which notice of a prior unrecorded deed would affect the attaching creditor, is the attachment, and not the time of the levy ; and as the demandant had no notice of the tenant's prior deed, at the time of his attachment, he is entitled to hold the land.

*Judgment on the verdict for the demandant.*