WILLIAM W. REED *et al.*, Appellants, *v.* OWNBY and GUY, Respondents.

1. *Mortgages and deeds of trust — Attachment — Unrecorded mortgages, when good against.*—An unrecorded mortgage on land is good against the lien of a subsequent attachment thereon, if recorded before judgment and execution sale in the attachment suit. (Davis v. Ownby, 14 Mo. 170, and Valentine v. Havener, 20 Mo. 133, affirmed; *vide* also, Potter v. McDowell, 43 Mo. 93.)

2. *Stare decisis.*— Where the law has been settled for many years, and has become a rule of property, and titles have been vested on the strength of it, the error of the law would have to be most palpable to justify this court in overruling previous decisions.

*Appeal from Sixth District Court.*

*James Carr*, for appellants.

An unrecorded mortgage will not prevail over a subsequent judgment, although the mortgagee give notice of his mortgage before sale under the judgment. (Washington's Lessee v. Trousdale and the Banks, Mart. & Yerg. 385; Smith v. Jordan, 25 Ga. 687; Shepherd v. Burkhalter, 13 Ga. 443; Guerrant v. Anderson, 4 Rand. 208; Priest v. Rice, 4 Pick. 164; Davidson v. Cowan, 1 Dev. Eq. 474.) *A fortiori*, an unrecorded mortgage, of which an attaching creditor has no notice, will not prevail over a subsequent attachment. (Hill v. Paul, 8 Mo. 479; Reed v. Austin, 9 Mo. 713; Frothingham v. Stacker, 11 Mo. 77; Washington's Lessee v. Trousdale and the Banks, *supra;* Uhler v. Hutchinson, 23 Penn. 110; Jaques v. Weeks, 7 Watts, 261; Friedley v. Hamilton, 17 Serg. & R. 70; Hulings v. Guthrie, 4 Burr. 183; Melvin's Appeal, 32 Penn. 121; General Ins. Co. v. U. S. Ins. Co., 10 Md. 517; Call v. Hastings, 3 Cal. 179; Paine v. Mason, 7 Ohio, N. S., 198; Doyle v. Stevens, 4 Mich. 87; Barker v. Bell, 1 Ala. 375; Carpenter v. Allen, 16 La. An. 435; Barry v. McCarty, 15 Iowa, 510; Brazelton v. Brazelton, 16 Iowa, 417; Parret v. Shaubhut, 5 Minn. 323; Luch's Appeal, 44 Penn. 519; Handley v. Howe, 22 Maine, 560; 13 N. Y. 650; Williams v. Tatnall, 29 Ill. 553; Emerson v. Littlefield, 3 Fairf. 148; Stanley v. Perley, 5 Greenl. 369; 1 Dana, 186; 4 Bibb, 78; Curtis v. Root, 20 Ill. 53; Rose v. Maurice, 4 Cal. 173; Smith v. Randall, 6 Cal. 47; Dennis v. Barrett, *id.* 670; Wilson v. Shoenfelt, 34 Penn. 121; Sturtevant's Appeal, *id.* 149; Woodbury v. Fisher, 20 Ind. 387; Dunwell v. Bidwell, 8 Minn. 34; Rhines v. Baird, 41 Penn. 256.)

*Howell*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment for the recovery of the possession of a piece of land lying in Monroe county. The plaintiffs

claim title under a sheriff's deed. From the record it appears that on the 13th day of August, 1861, plaintiffs commenced their suit by attachment, in the Monroe County Circuit Court, against one Frank Davis, and attached the land in controversy. On the 19th day of May, 1862, they obtained a judgment, on which execution issued; and at the May term, 1863, they purchased the same. At the institution of the attachment suit, so far as the records showed, the title was in Davis.

On the 21st day of March, 1862, Guy, one of the defendants, filed for record in the recorder's office of Monroe county a mortgage, executed, acknowledged, and delivered to him by Davis, for the same land, on the 15th day of April, 1861. On the 19th day of May, 1862, he obtained judgment of foreclosure of said land; and at the May term of the Circuit Court, 1863, purchased the land at sheriff's sale, made under the judgment of foreclosure. Ownby had no interest in the land, but was a tenant of Guy's.

Upon these facts being submitted to the court, a judgment was rendered for the defendants, which was affirmed in the District Court, and the case is now brought here by appeal. The only question is whether the lien acquired by the plaintiff in the attachment suit is entitled to priority over the rights of the mortgagee, although his mortgage was duly recorded before the plaintiffs obtained their judgment or purchased on execution at the sheriff's sale. This question is firmly settled in this State by two direct adjudications, holding that an unrecorded deed is good against a judgment if recorded before an execution sale under the judgment. (Davis v. Ownby, 14 Mo. 170; Valentine v. Havener, 20 Mo. 133.) The counsel for the plaintiffs admits that these authorities are directly against him, but asks this court to review the question and determine the law otherwise. This we are not at liberty to do. The law has been settled for many years; it has become a rule of property, and titles have been vested on the strength of it. Under such circumstances the error would have to be most palpable to justify this court in overruling previous decisions. The stability of judicial decisions is of the utmost consequence, as on them reposes the security of property; and they are not to be tampered with to suit the views of different

persons. I am aware that there are to be found most respectable cases in other States holding a doctrine somewhat different from the rulings of this court; and were the question *res nova*, they might be entitled to serious consideration. But it is no longer debatable or open, and we are unwilling to unsettle our own laws because some other courts have entertained different views.

Judgment affirmed. The other judges concur.