THE NORTHWESTERN FORWARDING COMPANY V. MAHAF-FEY, SLUTZ & CO., *et al.*

1. MORTGAGE; *Attachment; Priority of Liens.* The lien of a mortgage executed before the levying of an order of attachment, but not recorded until afterward, is prior to the lien of the attachment, although the attaching creditor may not at the time of the levying of his attachment have had any notice of the mortgage.

2. MORTGAGE; *What Interest May be Attached.* A mortgage duly executed, but not recorded, is not void ; it is valid as between the parties thereto, and as to all others who have actual notice thereof; and by such a mortgage a valid interest in the mortgaged property, a valid lien thereon, passes from the mortgagor to the mortgagee, although the records may not show it; and an attaching creditor of the mortgagor can attach only the *real interest* of the mortgagor, and cannot attach the interest in the mortgaged property which has already passed from the mortgagor to the mortgagee.

*Error from Anderson District Court.*

ACTION by *The Northwestern Forwarding Company* against *Mahaffey, Slutz & Co.* and *Joseph Slutz*, to recover $1,707.30. Trial by the court at the January Term, 1885, and judgment for defendants. The plaintiffs bring the case here. The opinion states the material facts.

*W. A. Johnson*, for plaintiffs in error.

*L. K. Kirk*, for defendant in error Joseph Slutz.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced in the district court of Anderson county, on November 12, 1883, by George Y. Wallace and Charles W. Lyman, partners as the Northwestern Forwarding Company, against W. G. Mahaffey, J. C. Slutz and J. W. Slutz, partners as Mahaffey, Slutz & Co., to recover $1,707.30. On the same day an order of attachment was issued in the case, and levied upon the northeast quarter of section 22, township 21, range 19, in said county. On March 3, 1884, Joseph Slutz was made a party

to the action, and he then filed his answer, setting forth a note and mortgage executed to himself on March 13, 1883, by J. W. Slutz, for $800. This mortgage covered the same land as that attached, and was recorded on March 13, 1883, one day after the attachment. The case was tried before the court without a jury, and the court made special findings of fact and conclusions of law, and upon the same rendered judgment in effect that the lien of the mortgage was prior and superior to that of the attachment; and of this ruling the plaintiffs, who are also plaintiffs in error, now complain.

It is admitted by the parties that the only question to be considered in this case is, whether the lien of a mortgage executed before the levying of an order of attachment, but not recorded until afterward, is prior to the lien of the attachment or not. It is claimed by the defendants that the lien of the mortgage is the prior lien, while the plaintiffs claim the reverse. The defendants, as authority for their claim, cite the case of *Holden v. Garrett*, 23 Kas. 98, and the numerous cases there cited; while on the other hand the plaintiffs cite, as authority for their claim, the following cases: *Brown v. Tuthill*, 1 G. Greene, 189; *Hopping v. Burnam*, 2 id. 39; *Parker v. Miller*, 9 Ohio, 108; *Holliday v. Franklin Bank*, 16 id. 534; *White v. Denman*, 1 Ohio St. 110; *Bloom v. Noggle*, 4 id. 45; *Stowe v. Meserve*, 13 N. H. 46; *Carter v. Champion*, 8 Conn. 549; *Coffin v. Ray*, 42 Mass. 212; *The People v. Cameron*, 7 Ill. 468; *Tyrell v. Rountree*, 32 U. S. 464.

The statutes under which the most of the foregoing decisions were made are not like ours, and therefore the decisions cannot be entirely applicable to this case; and the decisions made in the last four cases do not seem to have any application whatever to this case. The decisions made in Iowa and Ohio seem to be the nearest applicable to this case; but the correctness of these decisions has been questioned even in the states where they were rendered. The case of *Brown v. Tuthill*, 1 G. Greene, 189, is the first case on the subject decided in Iowa; and the decision in 2 G. Greene follows the former decision. Afterward comes the case of *Norton v. Williams*, 9

Iowa, 529, 530, in which the court uses the following language:

"Appellants rely with much confidence upon the case of *Brown v. Tuthill*, 1 G. Greene, 189. That decision was made under a statute containing this language: 'No instrument in writing that conveys any real estate shall be valid, except between the parties thereto and such as have actual notice thereof, until the same shall be deposited with the recorder for record.' (Rev. Stat. of 1843, ch. 54, § 31.) . . . *Now we incline to the opinion that under the statute of 1843 the case of Brown v. Tuthill is against the current of the decisions.*"

After the decisions in Ohio, in the cases of *Parker v. Miller* and *Holliday v. Franklin Bank*, above cited, were made, the supreme court of that state, in the case of *White v. Denman*, 1 Ohio St. 110, 115, uses the following language with reference to this question, and with reference to these and other cases, to wit:

"If the question involved here had not been determined by adjudication in this state and affirmed and adhered to for a number of years, *a majority of this court would feel constrained to take a different view of it.*"

In the case of *Stowe v. Meserve*, 13 N. H. 46, the mortgage was a chattel mortgage, and the court decided that it had no validity whatever.

The statute relied on by the plaintiffs is § 21 of the registry act, which reads as follows:

"SEC. 21. No such instrument in writing shall be valid, except between the parties thereto and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record."

The argument made by the plaintiffs upon this statute seems to be almost conclusive. Their argument in brief is as follows: They were not parties to the mortgage in question, and had no actual notice ·thereof at the time of the levying of their attachment, and the mortgage at that time had not been filed for record; hence, under the statute, it was void as to them; and hence, when their attachment was levied, they obtained an attachment lien upon *the entire estate* of the

mortgagor, just the same as if no mortgage had ever been executed. On the other side, however, a very strong argument is also made. On the other side, it is said that the mortgage, although not recorded at the time of the levying of the attachment, was not void; that it was good as between the parties, and valid as to all others who had actual notice thereof; that an interest in and a valid lien upon the mortgaged property had in fact passed from the mortgagor to the mortgagee, although the records did not show it; and that the attachment lien attached only to *the real interest* of the defendant held at the time in the mortgaged property, and did not attach to his apparent interest therein; and nearly all the authorities seem to sustain this claim of the defendants. Mr. Drake, in his work on Attachments, § 223, uses the following language:

"It is a well-settled principle, that an attaching creditor can acquire through his attachment no higher or better rights to the property or assets attached than the defendant had *when the attachment took place*, unless he can show some fraud or collusion by which his rights are impaired."

And in the same work, § 245, the following language is used:

"A fundamental principle is that an attaching creditor can acquire no greater right in attached property than the defendant had *at the time of the attachment.*"

It is admitted that at the time of the levying of the attachment, the mortgage, although it had not yet been filed for record or recorded, was valid as between the parties, and that a valid lien upon the property had already been transferred by the mortgage from the mortgagor to the mortgagee; and the defendants claim that the attachment lien did not attach to or affect the interest which had already passed to the mortgagee, but attached to and affected only what was still remaining in the mortgagor; that although the mortgage may be considered void except as to the parties thereto, and those having notice thereof, still the attaching creditor merely takes under one of the parties and gets no greater rights or interests than the

party had under whom he takes, and for whom he is substituted and whom he represents, and he takes nothing and cannot take anything from some other person who holds adversely to the party under whom he takes. In attaching the property he parts with nothing, and cannot in equity claim more than the person under whom he takes had a right to claim. The statute of Missouri, requiring instruments in writing affecting real estate to be filed for record in order to be valid, reads precisely the same as the foregoing statute of Kansas does, word for word, except that where the words "register of deeds" occur in the Kansas statute, the word "recorder" is used in the Missouri statute. And yet the supreme court of Missouri uniformly holds that the interest transferred or conveyed by an unrecorded deed or mortgage is superior and paramount to the lien of a subsequently attaching creditor. (*Reed v. Ownby,* 44 Mo. 204; *Sappington v. Oeschli,* 49 id. 244; *Potter v. McDowell,* 43 id. 93; *Stillwell v. McDonald,* 39 id. 282. See also *Davis v. Ownsby,* 14 Mo. 170; *Valentine v. Havener,* 20 id. 133; *Black v. Long,* 60 id. 181.) We also think that the question has been virtually settled and determined in this state by the decision in the case of *Holden v. Garrett,* 23 Kas. 98. In that case, before the mortgage was filed for record a judgment lien and also an execution lien had attached to the mortgaged property. Afterward, and before the sale on the execution, the mortgage was recorded; and it was held in that case that the lien of the mortgage was prior to the lien of the judgment and the execution. Now whatever might be our decision if the question were a new one and presented to us for the first time, we think it is best to follow that decision; and in doing so perhaps it would be proper to quote from the opinion of the supreme court of Ohio in the case of *White v. Denman,* 1 Ohio St. 110, 115, where the court in giving reasons for following prior decisions which the court did not approve and which were adverse to the decision which we now render, used the following language:

"If the question involved here had not been determined by adjudication in this state, and affirmed and adhered to for

a number of years, a majority of this court would feel constrained to take a different view of it; but the decision made is based on a construction given to a statute, has relation to rights of property, and, indeed, has become a rule of property in determining priorities among creditors. Stability and certainty in the law are of the very first importance. Hardships may sometimes result from a stern adherence to general rules. This is unavoidable under any system of jurisprudence. Some barrier is essential to guard against uncertainty. If judicial decisions are subject to frequent change, it would disturb and unsettle the great landmarks of property. The certainty of a rule is often more important than the reason of it; and in the case now before us we think that the maxim, *Stare decisis et non quieta movere*, is the safe and judicial policy and should be adhered to. If the law, as heretofore pronounced by the court in giving a construction to the statute, ought not to stand, it is in the power of the legislature to amend it without impairing rights acquired under it."

The judgment of the court below will be affirmed.

HORTON, C. J., concurring.