SCHMIDT *et al.*, *Plaintiffs in Error*, v. NIEMEYER *et al.*

1. **Practice:** ORDER OF PUBLICATION: COLLATERAL ATTACK. An order of publication, regularly made, cannot be attacked collaterally, as against an innocent purchaser thereunder, by showing that it was predicated on an untrue suggestion to the court.

2. ——: ——: ——. The remedy in such case lies against the officer who made the false suggestion or return.

3. **Judgment, Vacation of at Subsequent Term:** INNOCENT PURCHASER. The vacation of a judgment, on motion at a subsequent term, does not affect a purchaser, without notice of irregularities, at a sale under an execution on the judgment, where the latter is not wholly void.

4. **Judgment in Tax Suit:** COLLATERAL ATTACK. A judgment for a sum in excess of that recited in the order of publication in a tax suit is not for that reason void; until attacked directly and vacated for such error the judgment would be good collaterally.

*Error to St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

THIS is an action of ejectment. It is conceded that plaintiffs' title would prevail but for the interference of a sheriff's deed made under execution in a back-tax suit, which forms the basis of defendant's claim.

Plaintiffs question the validity of the proceedings in the tax suit. They made a successful motion in the trial court to set aside the judgment therein. That motion was filed at a term long subsequent to the execution sale. Defendant's grantor, who purchased at the sale, was a stranger to the record and, until then, to the title.

Plaintiffs were defendants in the tax suit, and as such a summons issued against them when it began. The sheriff s return thereon was that they could not be

found.   Upon that an order of publication was made under section 3496 (R. S. 1879), the court "being satisfied that the ordinary process of law could not be served upon them."

No appearance was made on the part of defendants and in due course a judgment was entered against the property in question for the amount of the delinquent taxes.   Under that judgment the execution sale took place on which defendants' title rests.

The circuit court declared the law to be that plaintiffs could not recover.   After the necessary steps for a review, the plaintiffs appealed.

*Kehr & Tittmann* for plaintiffs in error.

(1)   The circuit court never having obtained jurisdiction of the person of the defendants in the back-tax suit, its judgment is void, and may be attacked collaterally.   *Galpin v. Page*, 85 U. S. (18 Wall.) 368; *Windsor v. McVeight*, 93 U. S. 277; *Hewitt v. Weatherby*, 57 Mo. 276; *Cloud v. Pierce City*, 86 Mo. 357; *Fithian v. Monks*, 43 Mo. 502; *Higgins v. Peltzer*, 49 Mo. 152; *Brown v. Woody*, 64 Mo. 547; *Holland v. Johnson*, 80 Mo. 34; *Smith v. McCutchin*, 38 Mo. 415; *Latimer v. Railroad*, 43 Mo. 105-9.   (2)   The defendants in the back-tax suit, being residents of the state of Missouri, could be brought before the court only by summons.   R. S., secs. 3481, 3483.   In back-tax cases, process is to be issued and served as in ordinary civil cases.   2 R. S., sec. 6837.   (3)   Service by publication being in opposition to the course of proceedings at common law, a strict compliance with the statute is required and should appear upon the face of the record to impart validity to the judgment.   Publication not so made is a nullity.   *Schell v. Leland*, 45 Mo. 289-92; *Brown v. Langlois*, 70 Mo. 226; *Bank v. Suman*, 79 Mo. 531; *Hallett v. Righter*, 13 How. Pr. Rep. 43; *Boyland v. Boyland*, 18 Ill. 551-3; *Brownfield v. Dyer*, 7 Bush.

505; *Smith v. Haworth*, 53 Mo. 89. And the whole record is to be taken together to determine whether jurisdiction attached. *Cloud v. Pierce City*, 86 Mo. 357–67. (4) If a defendant be not in fact a non-resident, the order of publication against him is a nullity, and the judgment or decree based on such publication is void. *Snowden v. Snowden*, 1 Bland's Chancery Rep. 550–8. (5) The publication was void and the court did not obtain jurisdiction of the person of the defendants.

*E. P. Johnson* for defendants in error.

BARCLAY, J.—I. The questions involved in this appeal have been determined by former decisions of the court.

It has been held that an order of publication, regularly made, cannot be attacked collaterally, as against an innocent purchaser thereunder, by showing that it was predicated on an untrue suggestion to the court. *Payne v. Lott*, 90 Mo. 676. In this case the basis of the order was the sheriff's return that defendants could not be found. We see no sufficient reason for disturbing the ruling made in the opinion cited.

Practical hardships frequently arise in applying the rule that parties to a cause are concluded by the returns made by law officers upon process therein, but probably greater hardships and uncertainties in the administration of justice would follow its abrogation. If a return be false, the remedy lies against the officer who made it; but parties who may have acted upon it, as in the case at bar, innocently, are protected by it.

II. The fact that the judgment was vacated by the trial court, on motion at a subsequent term, does not affect the rights of a purchaser (without notice of irregularities) at the sale under an execution on the judgment, where the latter is not wholly void. This was expressly

determined in *Jones v. Driskill*, 94 Mo. 190, which is decisive here.

III.    If, as plaintiffs contend, the tax judgment was entered for a sum in excess of that recited in the order of publication, it would not be void for that reason.    Until attacked directly and vacated for such error, the judgment would be good collaterally.  *Allen v. Ray*, 96 Mo. 542.

These are the only points made against the validity of the tax sale.    The trial court appears to have made no error.    We agree to affirm its judgment, except SHERWOOD, J., who dissents.