# GEORGE O. ABINGTON v. LOUIS TOWNSEND et al., Appellants.

### Division Two, July 16, 1917.

1. **PRIVIES: Annuled Judgment: Evidence.** No one is a privy to a judgment whose succession to the rights of property thereby affected occurred previously to the suit in which the judgment was rendered. A grantee cannot be bound by a judgment in an action commenced against his grantor subsequent to the grant.

2. ———: ———: ———: **Purchaser at Partition Sale Set Aside.** Where an interlocutory judgment in partition was rendered and the land sold, the sale approved and a deed made to defendant, and thereafter one of the coparceners filed suit to set aside the judgment and its approval and the deed on the ground of fraud, without making defendant a party, the subsequent judgment which resulted in setting aside the prior sale, the order approving the same and the deed, but not setting aside the interlocutory decree in partition, is not competent evidence in a suit to quiet title brought by the purchaser at the sale under a renewed decree and order of sale, offered by him for the purpose of showing that the sale and judgment approving the same under which defendant claims were set aside.

3. **RULE OF PROPERTY:** Decision of Court: Judgment in Partition Set Aside for Fraud. A decision of the Supreme Court setting aside a judgment in partition and an order approving a sale thereunder, on account of facts *dehors* the record showing fraud in the sale and order approving it, did not establish a rule of property in such a way as to relieve a purchaser at a second sale under a renewed order made after the decision, from examining the record to find out whether the purchaser at the first sale had acquired title before the rule in the fraud case was announced. The rule of *stare decisis* protects only those who obtain title in reliance upon the decision announced.

4. **PARTITION:** Title of Purchaser: Impairment. The title acquired by a purchaser at a sale under a judgment in partition regular on its face and an order approving the sale and a deed, cannot be impaired by a subsequent modification or annulment of that judgment in a suit to which he is not a party.

5. ———: ———: ———: Fraud in Procurement. A decision which held that evidence *dehors* the record established falsity in the record and fraud in the sale under the decree in partition and in the order approving the same, will not be held, in a subsequent suit to quiet title between the purchaser under the first sale and the purchaser under a renewed order, to establish that the first order approving the sale and the deed thereunder were void; but in order to be available as a ground for a holding that the purchaser by his deed at the first sale did not obtain the title because of the fraud in the order, the evidence to establish such fraud must be produced.

6. **FRAUDULENT JUDGMENT:** Attack by Stranger. A judgment cannot be impeached for fraud in a collateral proceeding by a stranger whose rights in the property affected accrued to him after its rendition. Where plaintiff purchased property at a sale under a renewed order in a partition proceeding to which he was not a party, he cannot show that a prior order of sale and an order approving the sale, at which defendant purchased, were obtained by fraud on the court.

7. ———: Sale to Non-Existent Corporation: Relation. Where the sale was made to the corporation on the 12th, its corporate articles were filed on that day, the certificate of association was issued by the Secretary of State on the 14th, the report of the sale was approved on the 22nd and the deed made on the same day, the conveyance was not made to a non-existent corporation, for the right of the company related back to the day the contract was made.

8. **PURCHASER AT PARTITION SALE:** Estoppel. An attempt to purchase an adverse claim in order to avoid future trouble will not estop the party to assert a title previously acquired. Neither does competitive bidding at a partition sale for such purpose, operate to estop a purchaser at a prior sale from asserting his title acquired at such previous sale.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,* Judge.

REVERSED.

*Ernest A. Green, Leslie C. Green* and *Sheppard & Sheppard* for appellants.

We deem it unnecessary to point out any specific erroneous rulings of the court as to evidence, as this case is one in equity; and for the further reason that the case will turn upon certain questions of law which, when decided, will also decide the competency and relevancy of certain documentary evidence. But we do not desire to be understood as waiving any point as to the introduction of evidence. (1) The respondents offered in evidence the interlocutory decree rendered on February 8, 1911, in the partition case. This evidence was incompetent for any purpose, for the reason that that decree could in no wise affect appellants, because Townsend acquired the land in suit by a deed dated August 3, 1905, more than five years before the decree was entered, and he was not a party or privy to said suit. 23 Cyc. 1280; Koontz v. Kaufman, 31 Mo. App. 409; Henry v. Woods,. 77 Mo. 281. The same applies to the introduction of the last interlocutory decree and the final decree and deed in said partition suit. (2) Townsend acquired a good title to the land in suit under the commissioner's deed of October 22, 1903, by reason of the fact that the proceedings were regular. An interlocutory decree of partition was duly rendered, a sale ordered, a sale had, a report of sale made to the court out of which the order for sale issued, and the report of the sale was in all things confirmed and approved by said court. The order of the court approving the sale and ordering deeds made, was a final judgment in said case, from which an appeal could have been, but never was, taken; and when once rendered imported absolute verity, and was beyond impeachment except for fraud or want of jurisdiction. Clark v. Sires, 193 Mo. 516. A purchaser is required to look only at the judgment, execution, levy and sher-

iff's deed. Lenox v. Clark, 52 Mo. 115; Childers v.
Schantz, 120 Mo. 313. If the execution plaintiff pur-
chases at the execution sale, and the case is afterwards
appealed and reversed, his title is gone; but one who
purchases from him before the reversal, gets a good
title. Vogler v. Montgomery, 54 Mo. 577; Shields v.
Powers, 29 Mo. 315; Colburn v. Yantis, 176 Mo. 682;
Brown v. Curtiss, 155 Mo. App. 376; Gott v. Powell, 41
Mo. 417; Jones v. Harb, 60 Mo. 362; Smith v. Perkins,
124 Mo. 50. (3) The existence of the corporation or its
right to acquire or to convey land cannot be inquired into
in a collateral proceeding like this one, but only in a pro-
ceeding by the State of Missouri. Finch v. Ullman, 105
Mo. 263; Broadwell v. Merritt, 87 Mo. 101. No title
passes in a partition sale until the sale is confirmed by
the court. In this instance, the confirmation of the sale
took place on October 22nd,—the sale having occurred on
October 12th,—eight days after the corporation had been
born. Hector v. Mann, 225 Mo. 243; Clark v. Sires, 193
Mo. 515; Thomas v. Elliott, 215 Mo. 602; Burden v. Tay-
lor, 124 Mo. 18; Githens v. Barnhill, 184 S. W. 145; 24
Cyc. 33. (4) The fact that this partition sale, occurring
October 12, 1903, was set aside several years afterwards
in a suit to which Townsend was not a party, did not
divest the title out of him, as judgments bind only par-
ties and privies. Koontz v. Kaufman, 31 Mo. App. 409;
Henry v. Woods, 77 Mo. 281; Strottman v. Railroad, 228
Mo. 182. (5) The plea of *res adjudicata* in the replica-
tion of respondents cannot be maintained for the reason
that Townsend was neither a party nor a privy to the
suit. He acquired title prior to the institution of these
suits, and was not made a party thereto. Koontz v.
Kaufman, 31 Mo. App. 409; Henry v. Woods, 77 Mo.
281; 23 Cyc. 1253. (6) The first sale, under which Town-
send claims, occurring on October 12, 1903, confirmation
of which was made October 22, 1903, was not void as to
the purchaser. No sale is void, except between the par-
ties, where the court has jurisdiction of the subject-mat-
ter and the parties. Jones v. Talbot, 9 Mo. 121; Fithian
v. Monks, 43 Mo. 502; Harvey v. Tyler, 2 Wall, 328;

Coleman v. McAnulty, 16 Mo. 173; Chouteau v. Nuckolls, 20 Mo. 445; Shields v. Powers, 29 Mo. 315; Hendrickson v. Railroad, 34 Mo. 188; Castleman v. Relfe, 50 Mo. 583; McIlwrath v. Hollander, 73 Mo. 105.

*David W. Hill* and *Abington & Phillips* for respondent.

(1) The deed was absolutely void (not voidable) and has been so declared by this court, and, hence, the Real Estate & Investment Company acquired absolutely no title to said land. Davidson v. Real Estate & Inv. Co., 226 Mo. 1, 249 Mo. 474. (2) In the answer of the I. M. Davidson Real Estate & Investment Company, filed in the case reported in 249 Mo. 474, the company contended in the circuit court that it had sold the lands in suit to Townsend, and asked the circuit court to ratify that sale and offered to pay into court the money received from the sale of the land to Townsend, and that such sum be partitioned among the parties litigant in proportion to their rights. This the court declined to do, but, to the contrary thereof, ordered the land re-sold and decreed that the money that Townsend and others paid to the Real Estate & Investment Company for lands sold was not the subject of partition. The order to re-sell the land by the instruction of this court was, in effect, another holding that the sale conducted by Hogg on October 12, 1903, was absolutely and utterly void. Davidson v. Real Estate & Inv. Co., 249 Mo. 474. (3) As stated in the last appeal of the Davidson case, it was urged in the pleadings, proof and argument on behalf of the Real Estate & Investment Company that the land sold to Townsend should be excluded from the second sale, because it had been sold to him before the suit (226 Mo. 1) to set aside the sale had been commenced, but notwithstanding this condition this court (in 249 Mo. 474) ordered the land resold, and this plaintiff, as well as the forty-seven other purchasers at that sale, had a right to rely, and did rely, upon this decision of this court as a rule of property. Lumber Co. v. Craig, 248 Mo. 331; Imp. Co. v. Schneider, 177 S. W.

388. (4) Defendant attempts to defend this case upon the theory that he was a bona-fide purchaser of the land without notice, but the doctrine of bona-fide purchaser without notice does not and cannot apply where there is a total absence of title in the vendor. Tie & Timber Co. v. Railroad, 184 Mo. App. 26; Bird v. Jones, 37 Ark. 195; Compton v. Casada, 54 Ga. 74; John v. Hatfield, 84 Ind. 75; Bank v. Gibson, 60 Neb. 767; Boone v. Chiles, 10 Pet. 177; Arrison v. Harmstead, 2 Pa. St. 191; Schultz v. Carter, Speers' Eq. 533; Robson v. Osborn, 13 Tex. 298; Vattier v. Hinde, 7 Pet. 252; Dillard v. Crocker, Speers' Eq. 20; Hartstock v. Hardware Co., 16 Colo. App. 48; Snelgrove v. Snelgrove, 4 Desauss. Eq. 274; Dupree v. Frank, 39 S. W. 988; Lindbloom v. Rocks, 146 Fed. 660, 77 C. C. A. 86; Lumber Co. v. Branch, 60 Fed. 201, 8 C. C. A. 562; Dodge v. Briggs, 27 Fed. 160; R. Co. v. Rankin, 107 Ark. 487; Winters v. Powell, 180 Ala. 425; Land Co. v. United States, 217 Fed.. 11, 133 C. C. A. 121; 39 Cyc. 1691. (5) It devolved upon defendant to plead and prove his plea of innocent purchaser, which he wholly failed to carry. Young v. Schofield, 132 Mo. 650. (6) The second opinion of this court, holding the sale to the I. M. Davidson Real Estate Investment Company void, unquestionably was right, according to the great weight of evidence, because the grantee was not a person, partnership or corporation at the time of the sale, and was not incorporated until after the sale, which fact was disclosed by the fact of the certificate of incorporation being filed in the recorder's office, and which was constructive notice to Townsend. Sec. 2975, R. S. 1909; Thomas v. Wyatt, 25 Mo. 24; Howard v. Brown, 197 Mo. 48; Furniture Co. v. Crawford, 127 Mo. 356; Dauthitt v. Stinton, 63 Mo. 277; Reinhard v. Milling Co., 107 Mo. 624; Miller v. Rosenberger, 144 Mo. 299; Thomas v. Boener, 25 Mo. 27. (7) Defendant is estopped by his conduct to question the validity of the sale of the land at which plaintiff became the purchaser, because defendant attended that sale and recognized its validity by entering into the competitive bidding with others present to buy the land. Spence v. Renfro, 179 Mo. 417.

WHITE, C.—This suit was brought under section 2535, Revised Statutes 1909, to determine title to forty acres of land in Butler County; the petition also contains a count in ejectment.

The common source of title, it is admitted, was in I. M. Davidson who died in 1895, leaving a will. In 1901 a partition proceeding was instituted in the Butler Circuit Court by the widow and heirs of I. M. Davidson, the purpose of which was to partition this and other lands left by him. That suit proceeded to judgment, an interlocutory decree of partition was rendered in June, 1903, in which the court found the lands could not be partitioned in kind and ordered them sold. In pursuance of the order, in October of that year, the lands were sold and the I. M. Davidson Real Estate & Investment Company, a corporation, became the purchaser of the land in suit and of other lands belonging to the estate. The report of sale was duly made by the sheriff, who was a special commissioner appointed to sell the land, the sale was approved in due form, and a deed was made to the corporation purchaser. On August 3, 1905, the I. M. Davidson Real Estate & Investment Company conveyed the land to the defendant Townsend for a consideration of $500, and Townsend afterwards conveyed a half-interest to the other defendants. This is the title under which defendants claim.

In May, 1906, Laura Carter Davidson, one of the heirs of I. M. Davidson, deceased, filed suit in the circuit court of Butler County to set aside the judgment in partition, the sale, and deed to the corporation in pursuance of it. The defendants here were not made parties to that suit. On the trial of the cause in 1908, the sale, order approving same, and deed to the corporation were set aside on the ground of fraud, but the interlocutory decree of partition was not set aside. The case was appealed to this court, and will be found reported in 226 Mo. 1. The judgment of the circuit court was affirmed. The matters decided and their effect will be considered later.

After that decision the original partition suit, on an amended petition, proceeded to a renewal of the decree and order of sale in May, 1913. That case also was appealed to this court and is reported in 249 Mo. 474, where it will be found that the interlocutory decree of partition was ordered to be modified. Afterwards, judgment of the circuit court was entered accordingly, and sale made in pursuance of it, by special commissioner, and the plaintiff herein became the purchaser in July, 1914.

Thus it will be seen that the defendants claim under a decree in partition and sale duly approved, and the plaintiff claims under a subsequent decree of sale in the same case, duly approved, the first sale having been set aside after the defendant's purchase.

The answer of defendants sets up the proceedings mentioned under which they claim.

The replication of plaintiff, after a general denial, presents several objections to the defendant's claim of title which, for convenience, we arrange as follows:

*First*: The commissioner's deed under the interlocutory decree of 1903, and the judgment approving the sale were canceled and for naught held on the 11th day of April, 1908, in the suit referred to of Laura Carter Davidson against the corporation.

*Second*: The interlocutory decree under which the defendants claimed, rendered in 1903, was superseded and set aside and canceled by a subsequent interlocutory decree rendered in the same partition suit on the 8th day of February, 1911, and under this last decree the property was sold, the plaintiff became the purchaser, the sale was duly approved and deed made. This last decree and judgment approving the sale is pleaded as *res adjudicata* and a bar to the plaintiff's claim in the premises.

*Third*: At the time of the alleged sale under the interlocutory decree of partition rendered in 1903, the I. M. Davidson Real Estate & Investment Company was not a corporation nor an entity which could take title,

271 Mo.—39

and therefore no such title passed by such sale, a fact which the defendant knew or by the exercise of reasonable diligence could have known.

*Fourth*: The Supreme Court of Missouri, in the case reported in Volume 226 at page 1, held that the I. M. Davidson Real Estate & Investment Company acquired no title by the purchase and deed made in 1903, and that decision having announced that doctrine as a rule of property the plaintiff herein relied upon it in his subsequent purchase in 1913. In the latter case the corporation set up that it had sold the very land in question here and prayed to have it excluded from the operation of the judgments, and the court refused that prayer.

*Fifth*: When the land was sold by the special commissioner in 1913, at the time the plaintiff bought, the defendant herein was present through his agent and attorney and bid on the land and for that reason is estopped to question the title acquired by the purchaser at that sale.

The facts in connection with the several issues thus tendered will be noticed in the opinion.

There was a judgment for plaintiff and defendant appealed.

I. The first question presented is whether the pleadings and decree in the case of Laura Carter Davidson v. Davidson Real Estate & Investment Company, and other proceedings therein, were competent evidence, all of which proceedings were begun after the defendant acquired his title. This evidence was offered by plaintiff after defendants had exhibited their title in defense, for the purpose of showing that the sale and judgment approving same, under which defendants claim, were set aside.

Privies
in
Judgment.

The defendant Townsend, not having been a party to that suit, could not be bound by any proceeding therein, unless he was in privity with a party to it. It is said by Freeman in his work on Judgments, section 162, in a passage often cited:

"It is well understood, though not usually stated in express terms in works upon the subject, that no one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit. . . . No grantee can be bound by any judgment in an action commenced against his grantor subsequent to the grant."

The principle is elementary, of general application, and has been applied in this State. [Schmidt v. Niemeyer, 100 Mo. 207; Powers v. Heath's Admr., 20 Mo. 319; Githens v. Barnhill, 184 S. W. 145; Calculagraph Co. v. Automatic Time Stamp Co., 154 Fed. 166; Northwestern State Bank v. Silberman, 154 Fed. 809, l. c. 814; Schuler v. Ford, 109 Am. St. (Idaho) 233, l. c. 237; Heffernan v. Ragsdale, 199 Mo. 375, l. c. 384; Colburn v. Yantis, 176 Mo. 670, l. c. 682; Gott v. Powell, 41 Mo. 417.] It was error, therefore, to admit the pleadings, judgment and other proceedings in that case in evidence.

II.   Respondent, however, asserts that the decision of this court in the Laura Carter Davidson case, 226 Mo. 1, establishes a rule of property; that is, it determines the force and effect of the judgment and the sale under which the defendants acquired title, that plaintiff bought in reliance upon that rule of property, and, therefore, is protected in the title which he acquired.

Rule of property.

The doctrine of *stare decisis* protects only those who obtain title in reliance upon the decision announced. [Reed v. Ownby, 44 Mo. 204; Dunklin County v. Chouteau, 120 Mo. l. c. 593.] The decision mentioned was rendered in 1910. If it be claimed that it announced a rule of law as applied to a given state of facts and a given record, then, before that rule was announced as applicable to a state of facts, the defendant Townsend had acquired his title and paid his money. He could not be affected by a doctrine enunciated afterwards, if it changed the law already recognized as applicable to such a case. When the plaintiff, relying upon the doctrine of that decision, if it was new doctrine, and upon the judg-

ment which it affirmed, went to purchase he was bound, in looking up the title which he sought to acquire, to find out whether a prior purchaser had acquired an interest before the rule was announced.

But that decision did not in any manner change or modify any rule of law. The suit was an attack upon a judgment for fraud. The finding of the court turned upon facts *dehors* the record showing fraud in the conduct of the partition sale and order approving the same. All that evidence of fraud was before this court when it affirmed the judgment of the circuit court and pronounced the law as applied to the facts. In the present case we have none of those facts, we have only the naked record which, on its face, is entirely regular; and hence, the doctrine of law announced in the Laura Carter Davidson case, as applied to the facts there presented, is not necessarily applicable here. The decision has the same weight as any other decisions of this court which may be in point upon the questions presented. It will be considered later.

III. Plaintiff offered in evidence the proceedings in the partition suit which occurred *after* defendant's purchase. These subsequent proceedings, as stated above, included a modification of the interlocutory decree of partition, a renewal of the order of

Subsequent Proceedings After Partition Sale.

sale in 1913, the sale to plaintiff and approval of same. This evidence was introduced by plaintiff in making out his case before defendant's title was in evidence. It was competent for that purpose; then, it was for defendant to overthrow the prima-facie case of title thus made by showing an earlier title in himself. That the defendant did. He showed he obtained title under a judgment, regular on its face, rendered by a court having jurisdiction of the subject-matter and the parties. His title could not be impaired by a subsequent modification or annulment of that judgment in an action to which he was not a party. He is in the same position as a purchaser under a judgment which afterwards is reversed

on appeal or set aside on motion. [Colburn v. Yantis, 176 Mo. 670, l. c. 682; Gott v. Powell, 41 Mo. 417; Jones v. Driskill, 94 Mo. 190; Schmidt v. Niemeyer, 100 Mo. 207.]

Plaintiff's prima-facie title is good only if defendant acquired none by his earlier purchase. So that it only remains to consider questions presented by the record and proceedings in the partition proceeding under which defendant claims up to the time 'of the sale and approval. The consideration of the matter is unembarrassed by any other records or later proceedings in that or the other case. If defendant's title was good at the time he received his conveyance it is still good.

IV. We come now to a consideration of the record on its merits. The interlocutory decree of partition and order of sale where formal and regular, the report of sale by the sheriff as commissioner was also regular and was approved by the circuit court in a final judgment and a deed made in pursuance of it in due form. This was the record which presented itself to the defendant Townsend when he purchased the land in 1905. He had no notice of any infirmity, irregularity or fraud. He bought, paid his money for the land, and received a deed in due form.

**Record in Partition Proceedings.**

Plaintiff asserts that the sale, the order approving it, and deed in pursuance of it, were declared void by this court in the Laura Carter Davidson case and, being void and not merely voidable, it can be attacked collaterally as it was attacked in this case.

In ascertaining just what was decided in that case we must look at the facts before the court there. In the first place, the court in that opinion calls attention several times to the fact that the attack was not collateral, but direct. The court said, on page 29: "It should be borne in mind that in this case the plaintiff charges the *falsity of this record*. This is a direct proceeding attacking the court proceedings, so far as they relate to

this case from the interlocutory judgment in partition down to the making of the deed." The italics are ours.

It will be remembered that the original interlocutory decree was not set aside, but was held to be valid; it was only the sale in pursuance of it that was set aside. The order approving the sale was obtained by fraud, there was proof of "falsity of the record." This court then points out several important particulars in which the record did not speak the truth, so that the court was deceived into rendering the judgment approving the sale. The court in that connection uses this language: "That judgments can be attacked in an equitable action to set them aside on the ground of fraud in the procurement thereof, there can be no question."

In the present case, that same record imports absolute verity and stands without an attempt to impeach it. The plaintiff offered no evidence to show fraud in procuring the judgment; he only offered the pleadings and judgment in another case, which we have held above to have been inadmissible; the facts there found are in no sense *res adjudicata* here.

In addition to fraud, there were some irregularities in the conduct of that sale. The court mentions, among other things, the report of sale by the sheriff which, by the record in that case, did not show he was acting as commissioner appointed to make the sale. That irregularity does not appear here. The report is made and signed by the sheriff as commissioner.

In short, the evidence of fraud and irregularities which was before the court in that proceeding is not before the court in this. So that case, being entirely different from this case in the record presented, was not authority for the judgment here.

V. It becomes necessary, however, to determine whether the judgment under which defendant claims

may be attacked for fraud in this collateral proceeding. That is, can the plaintiff in this case impeach the order approving the sale under which the defendant claims by offering evidence to show it was procured by fraud? If not, it will be unnecessary to remand the case in order to give plaintiff an opportunity to make such proof.

**Attack on Fraudulent Judgment.**

The rule is that a judgment obtained by fraud may be impeached by the parties to it or those in privity with them in a direct proceeding for that purpose, as indicated in a passage quoted above from the decision in the Laura Carter Davidson case. But parties to an action and parties in privity with them cannot *collaterally* impeach a judgment on the ground of fraud. [2 Freeman on Judgments, sec. 336; DeGraw v. DeGraw, 7 Mo. App. 121; State ex rel. v. Ross, 118 Mo. l. c. 45-6; Hart v. Hunter, 144 S. W. (Tex.) l. c. 884; Morris v. Sadler, 88 Pac. (Kan.) 69; Reed Brothers v. Nicholson, 158 Mo. 624; Johnson v. Realty Co., 167 Mo. 325, l. c. 341.] If the plaintiff in this case is in privity with the parties to that judgment then he cannot attack it collaterally for fraud. Privity is defined as mutual or successive relationship to the same rights of property as grantor and grantee. There are cases which indicate that plaintiff is privy to the judgment, having bought after its rendition. [Crispen v. Hannavan, 50 Mo. 415, l. c. 418; Womach v. St. Joseph, 201 Mo. 467, l. c. 478; Summet v. Realty Co., 208 Mo. 501, l. c. 510; Cooley v. Warren, 53 Mo. 166, l. c. 169; Withers v. Railroad, 122 Mo. App. 282, l. c. 292; State ex rel. Subway Co. v. St. Louis, 145 Mo. 551, l. c. 567.

But it is not necessary to decide that plaintiff is in privity with parties to the judgment. He is precluded from a collateral attack if he is regarded as a stranger.

It has been held that a judgment may be impeached in a collateral attack on the ground of fraud in its procurement by a stranger to it. However, that is an exception to the general rule that a judgment regular on its face cannot be attacked collaterally, and applies to cases where the stranger attacking the judgment is

prejudiced by it in respect to some preexisting right. The doctrine usually is applied where there is a case of collusive judgment in fraud of creditors. A stranger, whose right accrues to him after the rendition of the judgment obtained by fraud, cannot attack it on that ground in a collateral proceeding. [Stoutimore v. Clark, 70 Mo. 471, 1. c. 478; Hogg v. Link, 90 Ind. 346; Johns v. Pattee, 55 Iowa, 665; 2 Freeman on Judgments, sec. 335; Githens v. Barnhill, 184 S. W. (Springfield Court of Appeals) 145.]

The case of Hogg v. Link is directly in point and reviews many authorities where the ruling is as stated. The court in that case said on page 352:

"Fraud in the procurement of the judgment is an extrinsic and collateral fact, and constitutes ground for a direct attack upon the judgment by a party thereto, by an application corresponding to an original bill in equity."

The court then quotes from an early Iowa case, as follows (p. 357):

"If a judgment was fraudulent by collusion between the parties to it, on purpose to defraud a subsequent purchaser, the case would present a very different question. But if the judgment was fraudulent only as between the parties, it is for the injured party alone to apply the remedy."

And further, at page 357, the court said:

"It is stated to have been a principle of the common law, that a fraud could only be avoided by him, who had a prior interest in the estate affected by the fraud, and not by him who, subsequently to the fraud, acquired an interest in the estate."

The case of Githens v. Barnhill, 184 S. W. 145, was an action on covenants of seizin, contained in a deed where the covenantor conveyed a title acquired under the same partition sale as that under which the defendant claims here. The covenantee afterwards purchased the alleged outstanding title which was acquired through the same proceeding and sale as that under which the plaintiff here claims. The Springfield Court of Appeals

held the plaintiff already had a good title and was under no necessity to buy the alleged outstanding title, and that the proceeding under which the I. M. Davidson Real Estate & Investment Company acquired title, being regular on its face, was not subject to collateral attack.

The exception to the general rule regarding a collateral attack upon a judgment can avail only one whose rights have been affected by it, and not one who acquires an interest in the subject-matter of the judgment after its fraudulent procurement. The plaintiff had no right which was affected by the judgment, having acquired his claim long afterwards. He is in the same position as the parties to it themselves in his inability to attack it collaterally. If he had offered evidence to show fraud in procuring the order approving the sale under which defendant claims similar to that shown by the record in the Laura Carter Davidson case, the evidence would have been inadmissible, and would not avail the plaintiff if the cause were remanded for another trial.

VI. Another reason advanced to show that the conveyance to the corporation, the I. M. Davidson Real Estate & Investment Company in 1903, was void, is because it is said there was no such corporation in existence at the time. The sale was made on October 12, 1913, by the commissioner. The corporate articles of association were filed on that day, but the certificate of incorporation was issued by the Secretary of State on October 14th. The report of sale by the sheriff as commissioner was approved on the 22nd day of October, and the deed to the corporation executed on that day, so that on the day of the sale the corporation had no legal existence, but was duly in being at the time the deed was made to it, and had been for eight days.

**Non-Existent Purchaser.**

Respondent cites many authorities to show that a conveyance made to a non-existent person or corporation is void, a proposition which we may concede to be correct.

It is a common occurrence for the promoters of a corporation to make contracts which afterwards are assumed, and the benefits of the same accepted, by the corporation when formed. There are numerous instances of that kind and in such case the right and liability of the corporation relates back to the time the contract was made. [Waterman's Appeal, 26 Conn. 96; Stanton v. N. Y. & E. Railway, 59 Conn. 272, 21 Am. St. 110; Reichwald v. Commercial Hotel Co., 106 Ill. 439; McArthur v. Times Printing Co., 48 Minn. 319; Rogers v. N. Y. & T. Land Co., 134 N. Y. 197; Bank of South Carolina v. Campbell, 2 Rich. Eq. 179.]

This court recognized that rule in the Davidson case. At page 34 (226 Mo.), this language with respect to the sale was used: "Of course, the promoters of defendant might have had someone bid the property in, and afterwards transfer the bid to the corporation when it came into existence, and had the deed made to the corporation, *but this was not done.*"

From this passage it appears that there was evidence before the court as to the manner in which the sale took place, a matter which is not before the court in this case.

The judgment of the circuit court, regular on its face, approving the report of sale by the sheriff as special commissioner, was duly entered in October 22nd. This judgment cannot be attacked by plaintiff in this collateral proceeding by showing it was procured by fraud, that it does not speak the truth, or that there was any irregularity in the sale which is there reported and approved.

VII. Finally, it is claimed by respondent that the defendant Townsend was present at the time of the sale to the plaintiff in 1913, and bid on the property, and is

**Estoppel.** therefore estopped to assert a different title which he had previously acquired. The facts, as shown by the evidence in relation to that, are these: The plaintiff had attempted to compromise his claim with the heirs of I. M. Davidson who brought the suit

and procured the last order of sale; failing in that he offered five hundred dollars, as he said, to buy his peace, and requested David W. Hill to bid that much for him at the sale. Hill represented the heirs of Davidson, the parties who were having the sale made, and in this case he represents the plaintiff. The defendant did not conceal the claim or title which he already had. On the contrary, he asserted it and attempted to buy the adverse claim which was sold at the time of the sale in order to prevent future trouble. Under these circumstances he is not estopped to assert a title which he had previously acquired.

The judgment is reversed.

*Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.